## BEAN V. THE PEOPLE EX REL. UPPERCU ET AL.

A recorder is not compellable, by *mandamus*, to allow abstract makers to use his office and the county records for the purpose of abstracting the entire records of the land titles of the county for sale.

### *Error to District Court of Gunnison County.*

THE facts are stated in the opinion.

Mr. GEO. SIMMONS and Mr. S. P. ROSE, for plaintiff in error.

Messrs. MILLS BROS. and Mr. LOUIS BOISET, for defendant in error.

HELM, J. The principal question presented by the record in this case is one of statutory construction purely. Section 667 of the General Statutes provides that the county clerk shall keep his office "open during the usual business hours, Sundays and legal holidays excepted, and [that] all books and papers required to be kept in his office shall be open for the examination of any person."

The cardinal rule of statutory construction is to discover and declare the intent of the law makers. Counsel for the defendants in error contend that the section above mentioned needs and will admit of no construction. That the words "any persons" used therein include each and every individual who may choose to demand an inspection of the county records. But we are not prepared to accept this conclusion; we feel confident that an examination of the statute is proper with the view of determining whether or not the legislature intended to grant the privilege here claimed.

Relators in this case assert the right, under the law, to examine and abstract the *entire records* of Gunnison county for the sole purpose of securing future private emolument from the sale of abstracts thus obtained; they do not seek information concerning a tract of land in

which they themselves, or parties whom they represent, have or expect to have an interest.

Their business is permanent; to carry it on successfully they must not only by themselves or agents occupy the clerk's office for weeks, perhaps months, in abstracting the instruments already recorded, but they must also be there daily thereafter abstracting the conveyances filed from day to day. Their interruption and annoyance of the clerk are not temporary; they are continuing and permanent.

It matters not that relators require no aid from him; for he is charged by statute with the *safe keeping* and *preservation* of the records, and is responsible for their truthfulness and freedom from mutilation. A single stroke of the pen, the erasure or addition of a single word, may change the character of a conveyance, or destroy the most valuable property right. The clerk is unfaithful to his trust if he allow one of the record books to remain for an instant in the hands of a stranger out of his sight. If he performs his whole duty he must watch, or employ an assistant to watch, each and every person who examines or abstracts a single title record.

Did the legislature contemplate a business such as that of relators, and intend to impose upon the clerk these duties and responsibilities in connection therewith? Did they intend to say to him, "You must give relators, gratis, a part of your time and attention on each and every week day during your term of office?" If one person or partnership may subject him to this inconvenience, labor and annoyance, others may do the same; the abstract business is lawful, and in populous counties usually quite a number of individuals or firms engage therein. The clerk's entire time might be monopolized in this way, and yet he is allowed no compensation therefor.

Our laws require the county commissioners to provide, at the expense of the county, an office for the recorder;

to light and heat the same, and to furnish tables, chairs and all necessary appliances for the convenience and use of the recorder and of persons transacting therein the business contemplated by statute.   Did the legislature intend to furnish, at public expense, office and desk room, together with tables and chairs, for the *permanent* use and convenience of persons engaged in a purely private speculative enterprise?

It is urged that this business is a great public convenience and security, that parties interested may more readily and perhaps cheaply procure desired information and abstracts; and that in case of loss thereof by theft or fire, any portion of the records may be duplicated from the abstract office.   It is answered that the clerk is required to furnish abstracts and information to those desiring the same, at a compensation fixed by legislative enactment; and that it is the duty of the commissioners to provide safes and vaults sufficient to protect the records from loss and injury by fire or burglary.

We think that the business of relators should be treated as any other legitimate private enterprise.   There is no law to prevent the clerk aiding them if he chooses so to do, either gratis or for a stipulated compensation; provided he does not neglect his official duties.   But the court should not, by *mandamus*, compel him to do this against his will.

We are of opinion that the statute in question was not designed to allow individuals who wish to abstract the *entire records* for future profit in their private business, the privilege of using continuously the public property, and of monopolizing from day to day, for months and years, a portion of the time and attention of a public officer against his will and without recompense.

In support of the foregoing reasons and conclusions, see *Buck et al. v. Collins*, 51 Ga. 391; *Webber et al. v. Townley*, 43 Mich. 534.

Entertaining these views upon the merits of this case,

we need not inquire into the regularity of the proceedings before the district judge.

The judgment will be reversed and the cause remanded, with directions to dismiss the petition.

*Reversed.*