STOCKNAN v. BROOKS ET AL.

1. CONSTITUTIONAL LAW—TITLE OF ACT—MANDAMUS.—Laws 1885,
   p. 157, entitled " An Act to amend section one hundred and twenty-
   seven of an act entitled ' An Act concerning counties, county offi-
   cers, and county government, and repealing laws on these subjects,'
   approved March 24th, 1877," provides that county officers shall keep
   their offices at the county seat open during business hours, and that
   all books and papers required to be in their offices shall be open to
   examination, and any person engaged in making abstracts shall
   have the right to inspect and make memoranda of the contents of
   such books and papers for the purpose of their business. Held, that
   the subject-matter of the act is sufficiently expressed in the title.
2. PUBLIC RECORDS—RIGHT TO EXAMINE.—An allegation by plaintiffs,
   in their petition for mandamus, that such clerk and recorder refused
   to allow them to examine the records, or make memoranda there-
   from, though often requested to do so, is sufficient, since by the
   terms of the act any person has the right to inspect the records; and
   it is not necessary to allege that plaintiffs did not have all the in-
   formation that could be acquired by the enforcement of the writ.
3. MANDAMUS—WHEN A PROPER REMEDY.—Where a county clerk and
   recorder refuses to allow abstractors the use of the county records
   for the purpose of making abstracts, mandamus is a proper remedy
   for them to resort to.

*Appeal from District Court of Pitkin County.*

APPELLANT, Fred H. Stocknan, county clerk and recorder
of Pitkin county, had the control and custody of the title
records of said county. Appellees, Carlos W. Brooks, *et al.*,
were jointly engaged in the abstract business. In carrying
on this business appellees were in the habit of furnishing to
applicants, applying therefor, abstracts of title to property
situate in the county, and it is alleged that to maintain and
keep perfect the books of petitioners so as to furnish com-
plete and correct abstracts of title to such properties, it was
necessary that they should have access to the record books
of said county in the custody of appellant. Appellees, as
petitioners below and also in this court, base their claim to
*mandamus* upon the statute enacted in 1885. See Sess.

Laws 1885, p. 157. By this act it is provided, *inter alia:* " Act 127. Every sheriff, county clerk, county treasurer and clerks of the district and county courts shall keep their respective offices at the county seat of the county, and in the office provided by the county, if any such has been provided; or, if there be none provided, then at such place as the board of county commissioners shall direct; and they shall each keep the same open during the usual business hours of each day, Sundays and legal holidays excepted; and all books and papers required to be in their offices shall be open to the examination of any person; *Provided,* No person except parties in interest, or their attorneys, shall have the right to examine pleadings or other papers filed in any cause pending in any such court; and any person or corporation engaged in making abstracts or abstract books, and their employees, shall have the right during usual business hours, to inspect and make memoranda or copies of the contents of all such books and papers, for the purposes of their business; but any such officer may make reasonable and general regulations concerning the inspection of such books and papers by the public; and if any person or officer shall refuse or neglect to comply with the provisions of this section, he shall forfeit for each day he so refuses or neglects, the sum of five dollars, to be collected by civil action, in the name of the people of the state of Colorado and paid into the school fund; *Provided,* That this shall not interfere with or take away any right of action for damages by any person injured by such neglect or refusal."

At the hearing below the court awarded a peremptory writ of *mandamus* commanding appellant to allow appellees to examine the records, etc.

Mr. W. W. Cooley, for appellant.

Mr. Porter Plumb and Mr. W. T. Hughes, for appellees. Mr. George Simmons, *amicus curiæ.*

CHIEF JUSTICE HAYT delivered the opinion of the court.

We shall consider only those assignments of error which have been argued in this court. It is claimed that the amendment of 1885 could not be enacted under the title selected. In other words, that the legislation is obnoxious to the constitutional provision requiring the subject-matter to be clearly expressed in the title of the act. The title of the original act, to which this act is amendatory, is embraced in the title to the amendment, viz. :

"An Act to amend section one hundred and twenty-seven, of an act entitled 'An Act concerning counties, county officers and county government, and repealing laws on these subjects.' Approved March 24, 1877."

It has been repeatedly held that the constitutional provision invoked by appellant is sufficiently complied with, so long as the legislation sought to be overthrown is fairly germane to the subject-matter expressed in the title. *Golden Canal Co. v. Bright*, 8 Colo. 144; *Clare et al. v. The People*, 9 Colo. 122; *Dallas v. Redman*, 10 Colo. 297.

The county clerk is a county officer, expressly so designated in the constitution, and as such he is embraced in that portion of the title which advises us that the act is one " concerning county officers." It might be difficult to suggest a more appropriate title in this respect than the one chosen. *In re Breene,* 14 Colo. 401. Chief Justice Helm, speaking for the court in a carefully considered case said, " That it (the constitutional provision) should be liberally and reasonably interpreted so as to avert the evils against which it is aimed, and not to unnecessarily obstruct legislation."

The amendment here under consideration deals directly with the duties of one of the county officers, to wit; the county clerk. It relates to the property of the county and provides a rule for the government of the custodian of its records. It was undoubtedly adopted for the purpose of conferring a privilege which did not exist under the original statute as construed by the court in *Bean v. The People ex.*

*rel.,* 7 Colo. 200. This court then held that the county clerk was not bound to allow abstract makers to use his office and the county records for the purpose of making abstracts generally—that such was not the legislative intent of the act. There can be no doubt of the contrary being the intent of the amended act. Its language is conceded to be too plain to admit of doubt upon this question.

No question was then raised or considered in reference to the title. The act passed unchallenged in this particular: The claim being that the duty of the clerk was sufficiently manifest as the act then read. The court decided against this claim, and the amendment followed at the next session of the general assembly. So far as the clerk is concerned the right of legislation, under the title chosen, is too plain for argument. And although this change in his duties may be of benefit to others the act cannot, for this reason, be held obnoxious to the constitutional provision invoked.

It is contended in this case that the petition is fatally defective in that it does not show that petitioner did not have all the information that could have been acquired by the enforcement of the writ of mandate.

The petitioners do, however, allege and state the fact to be that the defendant repeatedly refused to allow them to examine the records or make memoranda therefrom although often requested so to do. This allegation is sufficient. By the terms of the act any person has a right to inspect the records, whether such person was engaged in the business of abstracting or not. The act of the defendant was in direct violation of the statute. Even if petitioners had the desired information they had the right under the statute to verify their information from time to time. Moreover, the public records of a county are being changed from day to day, and the petition affirmatively shows that repeatedly and for a long time petitioners had been refused access to such books. It is unreasonable to presume that no records affecting any titles to property situate in the county had been made during such period. Under the act, respondent undoubtedly had

the right to make reasonable regulations concerning the use of the records by the public. And we are of the opinion that those engaged in the abstract business, as were plaintiffs, could have been made subject to such rules. If any, however, rules had, in fact, been made and were in force at the time, the respondent should have pleaded them in case he based his refusal upon any failure of the plaintiffs to comply with same. This he has not done, and we must assume either that no such rules, in fact, existed at the time, or if they did exist that the refusal was not based upon any failure to comply therewith.

Upon the return day the defendant appeared and moved to quash the writ. This motion was overruled and the defendant was thereupon required to further plead on or before seven o'clock P. M. of the same day. The brevity of the time thus allowed is assigned as error. At what hour this order was made does not appear. Much must be left to the discretion of the trial courts in such matters. In this case it does not appear that such discretion was abused. That *mandamus* is the proper remedy in cases of this nature is too well settled to admit of controversy. None of the errors urged against the judgment of the district court can be sustained, and the judgment will accordingly be affirmed.

*Affirmed.*