## UPTON, RECORDER, v. CATLIN.

1. MANDAMUS.—*Mandamus* is a proper remedy where, upon demand, a county clerk and recorder refuses to permit an abstracter to inspect and make memoranda of the contents of the records of his office.
2. RECORDS—RIGHT OF INSPECTION.—The right of an abstracter to inspect and make memoranda of the contents of the records, etc., in the county clerk's office, is subordinate to the right of the clerk and recorder so to regulate his office as to maintain the sanctity of the records, etc., pertaining thereto.
3. RECORDER—RIGHT TO ESTABLISH RULES.—A county clerk and recorder has the right to establish reasonable regulations concerning the use of the records of his office by the public.
4. SAME—A REASONABLE REGULATION.—A rule established by the respondent, as county clerk and recorder, provided that parties desiring to examine the records of the office for the purpose of making abstracts would be permitted to do so upon any day, when the office was required to be kept open under the law, between the hours of nine and twelve in the forenoon, and one and four in the afternoon ; provided, that on the days when the county commissioners are in session in the office, said memoranda and copies may be made between the hours of nine and ten in the forenoon and four and five in the afternoon, and at no other times during said days, *held* a reasonable regulation.

5. SAME—DUTIES OF.—Scrupulous care is exacted of public officers with respect to official records, and the clerk and recorder should permit no inspection of the records of his office unless under his immediate supervision or that of his sworn assistants.

6. ABSTRACTER—ASSISTANT.—It may be proper and, perhaps, necessary that at certain times an abstracter should be allowed to call to his assistance a second person, in order to make the necessary comparisons.

*Error to County Court of Montrose County.*

THIS action was instituted by the defendant in error, F. D. Catlin, to compel plaintiff in error as county clerk and recorder of Montrose county, to permit the defendant in error and one employee or two employees to have access to the records and filings of the office of said county clerk and recorder. Defendant seeks to obtain access to the said office during all the business hours of each day, for the purpose of making memoranda, copies and abstracts of said records and filings. The application was resisted by plaintiff in error upon several grounds, among others, that the room or office furnished by the county commissioners of said county for the use and accommodation of the clerk and recorder was too small to permit two extra men to occupy the same. To this answer a replication was filed denying the new matter set up therein. The issues of fact were thereafter submitted to a jury for determination. The verdict of the jury is not altogether free from ambiguity, but when considered in connection with the issues submitted to them, and the questions in response to which the verdict was rendered, it is sufficiently shown that while the room furnished by the county commissioners was too small for the purpose for which it was intended, yet that it was of sufficient size to allow at least one abstracter to work therein in addition to the regular force, during all the working hours of the day, and that, for the purpose of making necessary comparison, the defendant in error should be entitled to have a second person in the room during one hour of the day, said hour to be selected by the county clerk and recorder. Upon this verdict the

court entered judgment commanding the plaintiff in error to permit the defendant in error and one employee, during all hours while said office shall be kept open for public business, to inspect, and make memoranda and copies of the records of said office, including papers filed but not recorded, and to permit defendant in error and one employee or two employees to compare his notes and memoranda with such records, for the space of one hour during each day. The time of commencing and ending said hours to be designated by the defendant, if he shall so elect, otherwise to be designated by the plaintiff, said time of commencing not to be changed oftener than once a week.

Mr. GEO. SIMMONDS and Messrs. GOUDY & SHERMAN, for plaintiff in error.

Mr. N. G. CLARK, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The statute under which defendant in error claims the right to inspect and make memoranda of the contents of the official books, etc., in the office of the county clerk and recorder of Montrose county was recently before this court for consideration, in the case of *Stocknan, Recorder, v. Brooks et al., ante,* p. 248. In that case the statute was held valid as against certain constitutional objections, which were then urged, and it was also held that if a clerk, upon demand, failed to comply with its terms, *mandamus* was a proper remedy to invoke to compel him to do so.

It was also decided in that case that the county clerk and recorder had the right to make reasonable regulations concerning the use of the records by the public, and that those engaged in the abstract business could properly be made subject to such rules. In that case, however, no rules were pleaded, and the court assumed that none existed, or at least that the refusal was not based upon any failure to comply

therewith. In the case now before the court; we find that the plaintiff in error had promulgated carefully prepared rules for the government of parties in making abstracts of records; that such rules were reduced to writing and posted in conspicuous places about said office. By rule No. 5, so prepared, it is provided that parties desiring to examine the records of the office for the purpose of making abstracts would be permitted to do so upon any day, when the office was required to be kept open under the law, between the hours of nine and twelve in the forenoon, and one and four in the afternoon; provided, that on the days when the county commissioners are in session in the office, said memoranda and copies may be made between the hours of nine and ten in the forenoon and four and five in the afternoon, and at no other times during said days.

An examination of the record in this case shows that the jury did not by their findings in any way criticise the foregoing rule or find the same unreasonable, although the judgment of the court sets aside this rule, and permits the defendant in error to use the records of the office at any time during the day when the same shall be open for business.

In this state the clerk and recorder is by law required to " safely keep and preserve all the books, records, deeds, abstracts and papers, deposited or kept in his office." Sec. 578, p. 266, Gen. Stats. of Colo. By another section of the statute he is required to give bond for the faithful performance of this and other duties. It requires no argument to show that, by reason of this responsibility, a wide discretion must necessarily be vested in the clerk with reference to permitting the examination of the records of his office by those other than employees thereof. The liability of having the records mutilated, changed, or obliterated is always present when strangers are about the office; and while it is necessary, perhaps, that abstracters should be allowed to examine and make copies from these records, they must in so doing be subjected to such reasonable regulations as the county clerk may prescribe. It is to be remembered that the officer

receives no compensation or extra fee for this work. His fees are regulated by statute; and it would be unreasonable to require him to drop his work whenever called upon in order that he might submit the records of his office to abstracters, and supervise the records during the time they were thus being used, and certainly the clerk would not be justified in permitting the records to be inspected except under the supervision of some one officially connected with the office. In many of the counties of this state, the county clerk is without assistance in his office during the greater part of the time, and it would be a great hardship to require him to allow others in and about the office handling the records at all hours of the day. If this were to be done, all security for the sanctity of the public records would be at an end; for a bad man has the same right to examine the records as a good man. And while the responsibility of the county clerk exists he should be allowed a reasonable discretion as to the hours, and in making rules, which must be complied with by those desiring to use the records of his office.

In the case at bar, the rule under consideration was most liberal to abstracters, so far as the time during which they were permitted to have use of the records of the office is concerned. For six hours each day, except the days upon which the county commissioners shall be in session, it is provided that they may visit the office for the purposes indicated. To require more than this on the part of the county clerk would be unreasonable; and in the absence of a direct statutory mandate to the contrary, the court should not have required him to allow the use of the records at times other than the times prescribed by this rule. The exception made of the days upon which the county commissioners are in session is not unreasonable, in view of the fact that the county clerk is by our constitution made the clerk of the board of county commissioners of his county, and must in person or by deputy attend the sessions of the board when required. The duty of such a custodian of public records has been several times commented upon by the courts, although our at-

tention has not fallen upon any case predicated upon a statute similar to the one to be found in this state. In the case of *Webber v. Townley*, 43 Mich. 534, the right of abstracters to make copies or abstracts of public records was claimed. The court, however, in a well considered opinion shows that such right did not exist at common law, and was not conferred by an act " to facilitate the inspection of the records and files in the offices of the registers of deeds," as the language of the act did not in clear and unmistakable terms confer such right.

A similar question was before the supreme court of Georgia in the case of *Buck & Spencer v. Collins*, 51 Ga. 391. In this case, under a fee bill which provided twenty-five cents to be paid " for each inspection when the clerk's aid is required," the clerk claimed to be entitled to the fee for each record in each case, while the complainant claimed the right to abstract the records without fee. The court in deciding the question in favor of the officer took occasion to call attention to the duty of the clerk to permit no inspection unless under his immediate supervision, or that of one of his sworn assistants, while the propriety of allowing the abstracters to abstract the records for sale in any case was seriously doubted.

We cite these cases for the purpose of showing the scrupulous care exacted of public officers with reference to the official records. Although the statute in this state provides that abstracters may examine and make memoranda from the county records, the right of the custodian to make reasonable rules in reference thereto is given by the same act. The rules formulated by plaintiff in error are very liberal in providing hours when such examination may be made, and the court was not justified in extending such hours as it did by its judgment. There was nothing in the issues or verdict of the jury that authorized the judgment of the court in this particular. In reference to that portion of the judgment by which the defendant was allowed to take a second person into the office for the purpose of making comparisons be-

tween the records and his abstracts, it is to be observed that this is in accordance with the verdict of the jury. The evidence in the case, not being before us, we must assume that the verdict was founded upon sufficient evidence.

In addition to this, it would seem to be. proper, and perhaps necessary, that at certain .times an abstracter should be allowed to call to his assistance a second person, in order to make necessary comparisons. We do not feel at liberty to disturb the verdict in this particular, but for the reasons heretofore given, the judgment will be reversed and the cause remanded to the county court with directions to enter judgment in accordance with the views herein expressed.

*Reversed.*