## BURTON v. SNYDER.

| 22 | 173 |
|----|-----|
| 22 | 123 |
| 22 | 173 |
| 19a | 277 |

CONSTITUTIONAL LAW—TITLE OF ACT.

Provisions in an act entitled "An Act Relating to Life and Casualty Insurance on the Assessment Plan," exempting from garnishment, etc., money or benefits due from companies doing such business, are germane to the subject expressed in the title thereof and were properly incorporated in the bill.

*Error to the District Court of Gunnison County.*

Mr. W. D. WRIGHT and Mr. J. C. HELM, for plaintiff in error.

Mr. T. C. BROWN, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The facts in this case are succinctly set out in *Burton v. Snyder*, 21 Colo. 292, upon hearing of a motion to dismiss the writ of error. By the decision then rendered all questions presented by the record were eliminated, except the ruling of the trial court upon the motion of plaintiff in error to discharge the garnishee, and the correctness of so much of the judgment in the main action as directed the application of the proceeds of the insurance policy. Our present investigation will, therefore, be limited to a consideration of those rulings.

It being conceded by counsel for defendant in error that the money in controversy was exempt from garnishment, by the provisions of section 10 of the act of 1887, the only question presented for our consideration is the validity of that section, which enacts:

"The money or other benefit, charity, relief, or aid to be paid, provided or rendered by any corporation authorized to do business under this act, shall not be liable to attachment or other process, and shall not be seized, taken, appropriated, or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a policy or certificate-holder or any beneficiary named therein." Session Laws, 1887, p. 289.

Its constitutionality is assailed upon the ground that its provisions are not germane to the subject expressed in the title of the act, which reads: " An Act Relating to Life and Casualty Insurance on the Assessment Plan." The argument, in brief, is that section 10 is an exemption law, and imposes upon the company the duty of protecting the fund against the attachment laws of the state; that the protection of the fund against legal process is foreign to the well known

and understood scope of the business of insurance companies, and that the imposition of such a function is in no way to be inferred from the title of the act, which in terms limits the proposed legislation to the ordinary and well understood purposes of the specified mode of insurance. But, notwithstanding the able and forcible presentation of this view by counsel for defendant in error, we think the subject-matter of the section is manifestly pertinent to the objects and purposes of the legislation suggested by the title. The character of the legislation contemplated as naturally relating to life insurance on the assessment plan, is such as will insure a faithful application of the fund realized from the assessment of individual members, and to this end the mode in which corporations may be formed, the manner in which they shall conduct their business and perform the obligations they assume towards their members, the qualifications essential to membership, and the class of beneficiaries that may be designated and enjoy the benefits of the insurance, are matters necessarily indicated by the title of the act in question. It contemplates a scheme or system by which persons of small means may, by frugality and the payment of comparatively small sums, be able to provide a fund for those dependent upon them, when death shall have deprived them of their only support. What can be more legitimate and germane to this purpose than the provisions of section 10, which prevent a diversion of the fund from this purpose by placing it beyond the reach of creditors? If section 9, which designates who may be beneficiaries, and makes the policy void if assigned to a person having no interest in the life of the assured, and thereby prevents a voluntary diversion of the fund from the purpose for which it was raised, is germane to the subject expressed in the title (which we understand is not questioned), then the provisions of section 10, which prevent the accomplishment by indirection of that which is expressly prohibited from being directly done, are certainly so.

*In re Breene*, 14 Colo. 401, is mainly relied on by counsel for defendant in error as supporting his contention; and he

admits that under the doctrine of that case, if the title under consideration had been " An Act Relating to Insurance," it would have comprehended the subject-matter of section 10. If the subject of exemption is germane to the general subject of insurance, we are at a loss to perceive why it is not equally pertinent to insurance on the assessment plan ; or why the title under consideration, when tested by the rule announced in the *Breene Case*, is not sufficiently comprehensive to cover the subject-matter of the section in dispute.    In several cases this court has held statutes valid against the objection urged here, where the relevancy of the legislation embraced in the body of the act to the subject expressed in the title was much less apparent than in the one under consideration.    Among them are *Clare v. The People*, 9 Colo. 122 ; *Stocknan v. Brooks*, 17 Colo. 248 ; *Catron v. County Commissioners*, 18 Colo. 553 ; *In re Pratt*, 19 Colo. 138.

Our conclusion is that the subject-matter of section 10 is germane to the subject as expressed in the title of the act, and by virtue of its provisions the money in controversy was not subject to garnishment; that the court below erred in overruling the motion to discharge the garnishee and in ordering the money to be applied towards the satisfaction of the judgment in the main action.    So much of the judgment, therefore, as directs the money to be so applied is reversed and the cause remanded, with directions to enter a judgment in favor of plaintiff in error for the money in controversy, with appropriate damages.

*Reversed.*