## No. 19,605.

JAMES L. TREAT *v.* JOSEPH MCDONOUGH, COUNTY CLERK AND RECORDER OF CHAFFEE COUNTY, ET AL.

(367 P. [2d] 587)

Decided December 18, 1961.   Rehearing denied January 8, 1962.

Messrs. STINEMEYER & STINEMEYER, Mr. ROGER M. BREYFOGLE, for plaintiff in error.

Mr. ROBERT W. NEVENS, Messrs. RUSH & RUSH, for defendants in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

The parties appear here in the same order as in the trial court where the plaintiff, James L. Treat, instituted mandamus proceedings against defendant, Joseph Mc-Donough, the County Clerk and Recorder of Chaffee County. The Board of County Commissioners was made an Intervening defendant on its own motion since the County receives revenue from the abstract business here-inafter described.

Plaintiff, desiring to engage in the abstract business in Chaffee County, filed his complaint seeking an order which would compel the defendant clerk to allow him to microfilm all records pertaining to real estate trans-actions on file in defendant's office. The complaint was filed on July 9, 1958, and trial held commencing July 27, 1960. At the conclusion of plaintiff's case, the trial court, upon oral motion of defendant and intervenor, dismissed the complaint.

The evidence may be summarized as follows: There have been no private abstractors in Chaffee County since 1905, when the county purchased the abstract business of the Chaffee County Abstract and Investment Company for the sum of $6,000.00, the purchase price includ-ing a set of land or tract indices. Since 1905 the Chaffee County Clerk and Recorder as a statutory duty (C.R.S. '53, 35-4-14) has furnished, for a fee, abstracts covering property in the county, and in aid of this duty has main-tained and kept to date the tract indices so acquired by the county. The plaintiff is a licensed abstracter and has been issued a certificate of public convenience and ne-cessity to operate an abstract office covering Chaffee County real estate by the Abstracters' Board of Examin-ers of Colorado. The plaintiff desires to photograph the county's tract indices because it would be impractical to prepare abstracts of title without them. He contends that

the indices are public records and as such must be made available to him. The defendants contend that since the tract indices are current they constitute a valuable property right and could be sold for a large sum; that they are not public records, and plaintiff has no right to copy them. The defendants' position is that plaintiff should purchase the records if he desires to start his business.

It is admitted by all parties that plaintiff or anyone else can copy public records required by law to be maintained by the County Clerk and Recorder even though the effect of the trial court's dismissal of the action was to deny plaintiff access to *all records* in the office of the defendant. It is the question then of whether these tract indices are public records, which we must determine. A brief history of the right to inspect and copy public records is appropriate to lead us to a proper conclusion of the matter.

At common law, due to land ownership by a very limited number of people, there was no general public right to inspect or copy public records. However, this concept later gave way, particularly in the United States, to a recognition of such a right due to our belief in widespread ownership of real property. See *80 ALR 760, et seq., Annotation entitled "Right of abstracter or insurer of title to inspect or make copies of public records"* and authorities cited therein.

The first time such a dispute arose in Colorado the ancient common law principle was in effect adhered to, denying complete freedom of inspection and copying, as distinguished from mere examination of the records. *Bean v. People,* 7 Colo. 200, 2 Pac. 909 (1884). However in *Bean* the decision turned primarily on the fear that abstracters would, if given free rein, usurp much, if not all, of the time of the county clerks without payment of compensation. Apparently there the abstracter wanted to set up shop in the public office for copying purposes.

The *Bean* opinion apparently resulted in the passage

of an amendment to the existing statute, which gave every person the right to inspect and copy all public books and papers. Sess. Laws 1885, p. 157. In *Stockman v. Brooks,* 17 Colo. 248, 29 Pac. 746 (1892), it was said that the 1885 Act expressly overcame the *Bean* decision. *Stockman* was followed by *Upton v. Catlin,* 17 Colo. 546, 31 Pac. 172 (1892), which merely held that county clerks may make and enforce reasonable rules, including hours of inspection of the public records in their custody.

It is generally recognized today that the right of an abstracter to copy public records is entirely dependent upon statute. *Bean,* supra; 80 ALR, supra.

Pertinent statutes involved here relating to county clerks and recorders are: C.R.S. '53, 35-4-6, which provides:

"County recorder — duties. — The county clerk shall be ex officio recorder of deeds, and shall have custody of and safely keep and preserve all the books, records, deeds, maps and papers deposited or kept in his office; he shall also record or cause to be recorded in print or in a plain and distinct handwriting, in suitable books, to be provided and kept in his office, all deeds, mortgages, maps, instruments and writings, authorized by law to be recorded in his office, and left with him for that purpose, and shall perform all other duties required of him by law."

C.R.S. '53, 35-4-11 which states:

"Index of records — grantors — grantees. — He shall also keep an index of each volume of record kept in his office, showing on one page the grantors' names in alphabetical order, and on the other page the names of the grantees in alphabetical order."

C.R.S. '53, 35-4-14, which requires county clerks and recorders to furnish abstracts of titles based on their records to those so requesting and paying therefor, provided however, "County clerks and recorders are prohibited from furnishing abstracts in counties wherein there is one or more abstracters of title licensed as pro-

vided in chapter 1, CRS." In 1959 (Sess. L. 1959, Ch. 86, p. 345) the legislature amended this section to provide:

"* * * In counties wherein there is no abstracter licensed as provided in chapter 1, CRS, and wherein the county maintains tract indices and abstract books a copy thereof will not be made by the clerk and recorder upon the request of any person who is copying these records for the purpose of setting up an abstract office until a fee prescribed for such copy by the board of county commissioners has first been paid."

C.R.S. '53, 35-4-15 also requires:

"Satisfactions indexed — tax sales excepted. — In addition to the entries now required by law to be made by county clerks and recorders in the receiving books and general index kept by them, the county clerk and recorder shall also enter therein a statement or entry of all homesteads, satisfaction of mortgages or trust deeds, or other changes of the records of their office affecting or concerning real estate. Nothing in this section shall be construed to require the record of sale of land for taxes to be entered in the receiver's book or general index.

"For making required entries county clerks and recorders shall be entitled to the same fees as are now allowed by law for similar services."

The pertinent statute as to abstracters now appears as C.R.S. '53, 1-1-6, which provides that licensed abstracters must have and maintain a set of books and indices and:

"For that purpose such licensee or applicant for an abstracter's license shall have access to *any* of the records, documents or original documents in the public offices of this state or any county thereof, such access to be had during ordinary office hours and at such other times as the official in charge of any such office may permit and determine. Such records, documents or original documents may be inspected for the purpose of making notes, transcripts, or copies therefrom or for the

608

purpose of making photographs or microfilm copies thereof." (Emphasis supplied.)

■ We turn next to what is a public record. 45 Am. Jur. 420, Sec. 2 defines such as:

"It is said that a public record is one required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law, or directed by law to serve as a memorial and evidence of something written, said, or done. In all instances where by law or regulation a document is filed in a public office and required to be kept there, it is of a public nature, but this is not quite inclusive of all that may properly be considered public records. For whenever a written record of the transactions of a public officer in his office is a convenient and appropriate mode of discharging the duties of his office, it is not only his right, but his duty, to keep that memorial, whether expressly required so to do or not; and when kept it becomes a public document which belongs to the office rather than to the officer. What is a public record is a question of law."

[Citing, among other authorities, *Robison v. Fishback,* 175 Ind. 132, 93 N. E. 666 (1911).]

We come now to the question as to whether tract indices are public records. As above noted the clerk is required to keep indices of a certain character but he contends that these particular indices are not required to be kept and *a fortiori* are not public. He urges this particularly because the county bought his original ones and as added to today (we add at public expense) they could be sold for a large sum.

■ It is undoubtedly true that the indices are of considerable value but this can also be said of the actual recordings of the deeds and other instruments necessary to compile an abstract to which plaintiff has an admitted right. Value then cannot be the proper test. What is pertinent, however, is that plaintiff had the statutory right when he first sought it to copy all public records without the payment of the fees later authorized by the

amended statute. And, indices are as much a part of the public records as the records themselves for without them public record offices would be a senseless mass of documents, books and papers without the means of identification or classification. The point is that indices are necessary for a county clerk and recorder to properly discharge the duties of his office and would have to be kept even if the statute did not so expressly require.

*Robison,* supra, involved a claim by a public official to private ownership on leaving office of a special type of indexing system for public improvements filed in the city treasurer's office. *Robison* and another had personally devised the method and privately purchased the cards and cabinets used for this purpose. Indiana had no express statute requiring the keeping of any index of any kind. In commenting on this the court said:

"This index is not required by any specific law, and it is wholly optional with treasurers whether they keep indexes to these records or not, but they are so far authorized that the public authorities might contract and pay for their making as conveniences for the use of the officers and the public, and, if so procured, whilst they may not, in the strict sense, be public records, they are undoubtedly authorized to be made and kept."

And, the court later then went on to say:

"A statement in 25 Grattan, whilst obiter, so aptly phrases the matter as to commend itself to our approval and judgment, at least as applied to the facts in this case: 'Whenever a written record of the transaction of a public officer in his office is a convenient and an appropriate mode of discharging the duties of his office, it is not only his right, but his duty to keep that memorial, whether expressly required so to do or not; and when kept it becomes a public document — a public record belonging to the office and not to the officer — it is the property of the state and not of the person, and is in no sense a private memorandum.' "

So here too, even if these particular indices are

not within the terms of the statutes as urged by defendants, with which concept we do not agree, nevertheless, they were and are such an appropriate mode of discharging the clerk's duties that it was not only his right but his duty to keep them; having done so they became public property subject to public use as provided by statute.

The judgment is reversed with directions to enter a judgment permitting the plaintiff to copy the indices in question and all other public records in the office of the Chaffee County Clerk and Recorder as he may desire and without payment or charge, provided however that plaintiff comply with such reasonable hours for his work as said clerk may prescribe.

MR. JUSTICE DAY, MR. JUSTICE McWILLIAMS and MR. JUSTICE PRINGLE dissent.

MR. JUSTICE DAY dissenting:

I respectfully dissent from the majority opinion because in order to arrive at the conclusion therein it was necessary to conveniently include "tract indices" within the index of records required by C.R.S. 35-4-11. However, a reading of that section indicates that the index therein required is *specifically limited* to a grantor-grantee index, each to be arranged in alphabetical order.

A tract index is no part of a record required to be kept by a county clerk and recorder. The mere fact that in order to accommodate the public the county is required to furnish an abstract where no private company exists to furnish the same, does not, in my opinion, bring within the definition of public records those things which the clerk as *an abstracter* has compiled for his convenience in rendering a particular service which the county supplies for a fee.

The majority opinion states as the law, for which I see no authority quoted thereon, that what is in a public

office is also available to a *member of the public* for the mere asking, unless there is a statute prohibiting the same. I think, rather, that the converse is true. Unless the law specifically makes the particular subject available to a member of the general public, then one cannot claim it unto himself as a matter of public right. This particular compilation and books is as much a property as anything else acquired by the county and should be disposed of as property.

From the records which the county clerk and recorder is required to keep, together with the alphabetical indices, anyone can compile an abstract book or tract index. To be sure it is expensive and if done at a late date, requires a lot of backtracking. The value of the tract index is that it is continuous and up to date and concerns a particular piece of described land. There is nothing about a tract index that is, as the majority opinion states, "as much a part of the public records as the records themselves." And it is not a factual statement that "without them public record offices would be a senseless mass of impossible to use documents, books and papers." No county clerk and recorder in the state has such an index unless it is in the abstract business, and so it is not such a record as is necessary for the recorder to discharge his duty. The majority opinion states that "indices are necessary for the recorder properly to discharge the duties of his office and which would have to be kept even if the statute did not expressly so require." This may be true of a grantor-grantee index, but it is doubtful whether even a tract index is not *absolutely necessary* in the abstracting business. Rather, without the tract indices the furnishing of an abstract of title would be a very cumbersome, time-consuming and expensive procedure and could not be done for the fees now ordinarily charged for each abstract entry and the certificate. But this plaintiff in error admits it could still get into the abstract business without the tract indices.

I can see no valid reason — merely because this piece of property is owned by the county and the original was paid for by tax funds — why the county should be required by the judiciary to part with it to the first one who asks for it without compensation. One who intends to engage in what must be considered to be a profitable business should not hesitate as a matter of initial investment to pay a reasonable price therefor. The fact that the Legislature has seen fit by the statute quoted in the majority opinion to now expressly require payment does not mean that before the statute such property owned by the county has to be transferred without compensation. Photographing of these pages on microfilm is just as much a transfer of the property as to hand over the books themselves. And I challenge the Indiana case *(Robison v. Fishback)* quoted in the majority opinion as any authority for the conclusion therein. In the Robison case the county *kept* the indices as against a party *claiming them* as *his own* invention and the court upheld the county. Such a case and result is hardly authority for the proposition that Chaffee County *cannot keep* the indices but must turn them over to strangers who have *no claim* to them except as a member of the general public.

MR. JUSTICE MCWILLIAMS joins in this dissent.