## SEYMOUR v. POTTS & CALLAHAN CONTRACTING CO., Inc., et al.
### No. 90,380.

District Court of the United States for the District of Columbia.

July 23, 1941.

Henry I. Quinn and Richard W. Galiher, both of Washington, D. C., for plaintiff.

Brandenburg & Brandenburg, of Washington, D. C., for first defendant.

Nesbit, Pledger & Edgerton, of Washington, D. C., for second defendant.

PROCTOR, Associate Justice.

On October 12, 1940, an order was entered granting the motion of defendant Hawkins to vacate service and dismiss the suit as to him. This was done after full hearing and consideration, leading to the conclusion that plaintiff had not been diligent in securing service upon the defendant, in that she had allowed more than two years to pass before resorting to substituted service upon the Traffic Director in face of the fact, known when suit was filed, that said defendant was a nonresident. The decision of that question was based upon the facts shown by the docket entries. Although counsel for defendant in a paper entitled "opposition to motion," etc., which in reality were their "points and authorities", had stated certain facts on information and belief, manifestly it would have been improper to consider the statement in the absence of any proof or the consent of opposing counsel. Accordingly, as was understood by all, the motion was heard and determined solely upon the record facts.

On October 22, 1940, ten days after entry of the order, a motion to rehear was filed. In accompanying "points and authorities" counsel refer to an affidavit "hereto attached" and discuss the contents thereof. Yet, there was no affidavit attached. Then the motion was allowed to rest. On December 16, 1940, an affidavit was filed. That is more than two months after the order had been entered. Presumably, that affidavit is the one which counsel had intended attaching to the motion, but obviously it was not in hand before December 12, 1940, the date when sworn to.

The affidavit is made by a former attorney for plaintiff. It contains a lengthy statement of facts and circumstances, largely of a hearsay nature, with opinions and conclusions of affiant, by way of explaining why substituted service upon the Traffic Director had not been taken sooner. The opposing side has not assented to the use of this affidavit. As heretofore stated, the previous hearing leading to the order was confined to the record facts. Now, the court is asked to nullify a painstaking determination upon that factual basis and reconsider the motion upon another set of facts brought into the case by affidavit more than two months after the final order was entered, notwithstanding, those facts prevailed, and were known and available at the time of the original hearing.

Counsel for defendant Hawkins have moved to strike the motion and the affidavit upon the ground that neither the federal nor local rules provide for such a motion; that the information in the affidavit was available at the original hearing, and that the court should not be required months later to reconsider the matter upon a different state of facts.

█ Although there appears to be no express provisions in the rules for a motion to rehear, yet there is implied recognition of such procedure. Rule 59(a) (2) Fed. Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Rule 15, Par. 1, D.C. Rules; also Rule 9(f) new Local Civil Rules. Necessarily too, a court must have the right to reconsider. Yet, a motion to that end should be seasonably made. Southland Industries, Inc., v. Federal Communications Commission, 69 App.D.C. 82, 99 F.2d 117; Morse v. United States, 270 U. S. 151, 154, 46 S.Ct. 241, 70 L.Ed. 518. Although the formal motion was made within ten days, it purported to rest upon facts contained in an affidavit which was not filed until almost two months later. Those facts were known and available at the time of the first hearing. They constituted the very heart of the motion.

█ I think a question of practice is raised which transcends the factual merits of the particular case. Should a court after determination of a matter on one state of facts be called upon to rehear the case on another state of facts existent and available at the time of the original hearing? Should more than two months elapse between the order and perfecting of the

motion by filing essential supporting papers to give it vitality? Is not the effect the same as though the motion itself had been filed so late? Can such procedure be approved. I think not.

A great deal of time and labor was given by the court to a hearing and consideration of the original motion. Then ten days after the order was entered came a motion to rehear upon another state of facts, which were known and available to plaintiff at the first hearing. Yet that state of facts was not formally made part of the record for more than two months later. That is much longer than allowed by the rules for taking an appeal from the order. Rule 10, U.S. Court of Appeals. Under such circumstances should the court have been put to a hearing and decision, only to have its time and effort wasted? Should a party have the right to stake his case upon one state of facts, and then when the decision goes against him have a second hearing upon other facts which could have been made ready for the first hearing? Under such circumstances what becomes of the limitation of time for taking an appeal? Has there been seasonable action to justify a suspension of the period for appeal?

In my opinion these questions must all be resolved against the plaintiff. They raise important considerations of policy. Although motions for rehearing ought not be discountenanced, there has been a growing tendency here to treat them as an ordinary step in the course of a case; and this tendency, I think, should be discouraged. Too often we see motions to rehear of a purely repetitious nature. Again we find them predicated upon factual or legal grounds that could and should have been presented at the original hearing. In both instances they necessarily result in delay and wasted effort by court and counsel.

These comments are not intended as any criticism of counsel in this case. They are made only in an effort to discourage a growing tendency to abuse the use of the motion to rehear. It is a motion which has its proper use in our practice, but should be sparingly employed, only where unusual circumstances prevail.

For the reasons indicated, the affidavit filed December 16, 1940, is stricken and the motion to rehear is denied. An order to that effect is being filed with this opinion.