**In re GENERAL COFFEE CORPORATION, Debtor.**

**AGRITRADE CORPORATION, Plaintiff,**

**v.**

**GENERAL COFFEE CORPORATION and Shawmut Boston International Banking Corp., Defendants.**

**Bankruptcy No. 83–00889–BKC–TCB. Adv. No. 83–0487–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

July 15, 1983.

William C. Crenshaw, Miami, Fla., for plaintiff.

Gary L. Blum, Miami, Fla., David Friedman, Fort Lauderdale, Fla., for debtor.

R. Thomas Farrar, Miami, Fla., Michael Pappone, Boston, Mass., for Shawmut.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

In this adversary complaint, Agritrade, a coffee seller, seeks to recover 510 bags of coffee from the debtor General Coffee. Alternatively, plaintiff seeks a determination of the validity, priority, and extent of its lien or other interest in the property (C.P. No. 6). The debtor has answered with five affirmative defenses and seeks a judgment declaring it the owner of the 510 bags of coffee free and clear of any liens or ownership rights of the plaintiff. (C.P. No. 15). The matter was tried on July 7.

The facts are undisputed. The parties entered into a contract for the sale of 2,000 bags of coffee on March 10, 1983. The parties agreed upon and later confirmed in writing modifications to the contract concerning delivery and payment terms. The agreement provided that General Coffee would hold 510 bags as custodian until Agritrade received payment for the 1,000 bags shipped on March 30 and 31. The 510 bags in dispute were shipped from Miami to General Coffee's plant in New Orleans on April 8 and 11. Agritrade, the claimant, has not been paid for the 1,000 bag installment. General Coffee, the debtor, is currently in possession of the 510 bag installment.

Claimant did not file or perfect a security interest in the goods and failed to make written demand upon the debtor to reclaim the goods within ten days specified under the Uniform Commercial Code. (U.C.C. § 2–702) and the Bankruptcy Code (11 U.S.C. § 546(c)).

It is contended by the claimant that the clear understanding between the parties firmly establishes Agritrade's ownership of the property. This disputed issue does not require discussion because, even assuming the facts to support this conclusion, under the law claimant has lost its right to recover the goods.

The rights and remedies of the vendor claimant under the contract is the issue. The contract expressly provides:

"In the event either party hereto fails to perform or breaches or repudiates this agreement, the other party shall be entitled to the remedies and relief provided for by the uniform Commercial Code of the State of New York."

I construe this language to limit the parties solely to the Uniform Commercial Code for determining their rights and remedies.

The bailment which claimant asserts was created by the parties' agreement is ineffectual unless the vendor claimant complied with the U.C.C. provisions for putting creditors on notice of its interest in the property which it surrendered to the debtor's custody.

■ The chapter 11 debtor-in-possession in bankruptcy occupies an unusual position. It is a fiduciary vested with the rights, powers and duties of a trustee. 11 U.S.C. § 1107(a). Among these powers is its right to cloak itself in the position of a creditor without notice. *Collier on Bankruptcy* (15th ed.) ¶ 1107.02[2]. It is an entity distinct from the debtor. Among its powers are those specified in § 544, which provides:

"(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, ... (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists."

■ Given these powers, the vendor's position must fall in face of its failure to comply with U.C.C. Article 9 provisions for perfecting its interest in goods surrendered to the possession of the buyer/debtor. A secured party who wishes to retain a security interest after the debtor lawfully obtains possession must comply fully with all of the provisions of Article 9 and ordinarily must file a financing statement. U.C.C. § 9–113, Comment 3.

The evidence shows that what is asserted by plaintiff to be a bailment has the distinguishing characteristic that shipment was in accordance with the debtor's obligation to purchase rather than to return the goods. Even if title to the coffee never left Agritrade, the vendor's reservation of title creates at best a security interest which was unperfected as of the filing date. U.C.C. 1–201(37). *Sommers v. International Business Machines*, 5 Cir.1981, 640 F.2d 686, 687, 689.

From the standpoint of the trustee's powers under § 544, failure to perfect the retention of title by filing a financing statement renders the vendor's claim subordi-

nate to the rights of an intervening judicial lien creditor without knowledge. U.C.C. § 9–301(1)(b). The vendor's interest is rendered void as against the trustee asserting rights under § 544(a)(1). *Collier on Bankruptcy* (15th ed.) ¶ 541.08[2].

In finding that the parties have selected the New York Uniform Commercial Code to govern disputes under the contract, claimant's alternative ground for relief, a vendor's lien under Louisiana law, is also denied.

Based on the foregoing reasons, I find that defendant General Coffee has ownership rights in the 510 bags of coffee free and clear of any liens or ownership rights of Agritrade.

As is required by B.R. 921(a), a separate judgment will be entered declaring defendant General Coffee the owner for the benefit of its estate of the 510 bags of coffee. Plaintiff's application for emergency relief has been rendered moot. Plaintiff's amended complaint is dismissed and all relief sought thereunder is denied.

Costs may be taxed on motion.