**In re William Dennis RULE, Denny's Service Center, Denny's & Dorey's Service Center, Debtor.**

**Bankruptcy No. 83–108.**
**Adv. No. 83–0084.**

United States Bankruptcy Court, D. Vermont.

Nov. 30, 1983.

Peter R. Neary, Middlebury, Vt., for debtor.

Frank P. Urso, Proctor, Vt., for Proctor Bank.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

On May 24, 1983, the debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code (Code). On May 27, 1983, the debtor filed a statement of financial affairs. On Schedule B-4 of his statement of financial affairs, the debtor claimed as exempt property a 1970 Ford "wrecker". On June 30, 1983, the debtor moved to amend Schedule B-4 to claim as exempt property a 1976 Honda motorcycle.

On July 8, 1983, the Proctor Bank (Bank) objected to the debtor's claim of exempt property with respect to the Ford wrecker; on July 11, 1983, the Bank filed a complaint for relief from stay with respect to the wrecker, and with respect to the Honda motorcycle which by order dated July 19, 1983, after notice and a hearing, was allowed to be claimed as exempt property by amendment to Schedule B-4.

On September 13, 1983, the debtor filed a motion under Code Section 522(f)(2)(B) to avoid the lien of the Bank as to the wrecker. On October 13, 1983, a final hearing, after notice, was held with respect to the Bank's objection to the debtor's claim of exempt property as to the wrecker, the Bank's complaint for relief from stay as to

the wrecker and the motorcycle, and the debtor's motion to avoid the Bank's lien on the wrecker.

On October 25, 1983, the debtor filed a motion to reopen the evidence for the receipt of additional testimony.

From the records in the case and the testimony adduced at the October 13 hearing, the facts below have been established.

## FACTS

The debtor is, and on the date of his petition for relief was, an automobile mechanic employed on a wage basis at a service station. The debtor also now, as on the date of his petition, has a partnership interest, with the service station operator as his partner, in profits generated from the towage and the repair, at the service station, of cars towed thereto by the Ford wrecker, a partnership asset. Prior to entering employment, and establishing the partnership as to profits from the towage and repair of towed cars, with the service station operator, the debtor used the Ford for business purposes as an individual doing business under a trade name, repairing cars on space he leased at the service station.

Prior to filing his petition for relief, at a time when the Ford wrecker was his personal property, the debtor granted the Bank a non-purchase money, nonpossessory security interest in the Ford wrecker and in the Honda motorcycle as security for a $3,750 loan. The October 1982 transaction is evidenced by a promissory note, a security agreement, and financing statements. The debtor signed these documents as "W.D. Rule d/b/a Denny's Service Center." Treating the Ford and the Honda as business inventory of the debtor, the Bank filed the financing statements in timely fashion in the appropriate places.

The Bank did not record its lien as to the Honda on the certificate of title thereto, for the sole reason that, subsequent to the loan transaction, the debtor did not register the vehicle with the Department of Motor Vehicles. As the Bank learned through application to the Commissioner of Motor Vehicles

for recordation of its lien on the certificate of title, recordation of the lien could not be effected before registration of the subject vehicle. The Bank did not record its lien on the Ford on the certificate of title thereto, although the vehicle was registered with the Department of Motor Vehicles.

As of the date of the hearing, the outstanding balance on the Bank's secured loan was $3,685. The fair market value of the Ford was $1,500. The fair market value of the Honda was $1,200.

## DISCUSSION

The issues for determination are whether the Bank has a lien on either of the subject vehicles, whether the debtor may avoid the Bank's liens, if any, under Code Section 544, or, with respect to the Ford, under Code section 522(f)(2)(B) as a "tool of the trade." The trustee has taken no position on these matters.

As a preliminary matter, the Bank did not perfect its security interest in either vehicle in accordance with Vermont Statutes, Title 23, Chapter 21, Subchapter 3, which requires that liens on motor vehicles, to be perfected, must be recorded on the certificate of title.

## MOTORCYCLE

■ Having granted the Bank a lien the Honda and then, by not registering the vehicle, having thwarted the effort of the Bank to have a lien recorded on the certificate of title, the debtor is estopped from denying the validity of the Bank's lien. *Barton Savings Bank & Trust Co. v. Helen Bickford, et al.*, 97 Vt. 166, 174, 175, 122 A. 582 (1923). Estoppel means nothing more than the application of the rules of fair play. *In re King Memorial Hospital, Inc.*, 19 B.R. 885, 891 (Bkrtcy.S.D.Fl., 1982), and it prohibits an assertion of rights inconsistent with past conduct if the result would be unconscionable. *In re Griffiths*, 27 B.R. 873, 877 (Bkrtcy.D.Kan., 1983). The debtor may not have it both ways: having reaped the benefits of his bargain with the Bank, the debtor may not

now assert a technical rule of law to avoid the terms of his bargain when compliance with the rule of law was made impossible by the debtor's failure to register the vehicle. *See, Libco Corporation v. Charles W. Leigh, (In re Reliable Manufacturing Corp.)*, 17 B.R. 899 (N.D.Ill., 1981).

The court does not find apposite the case *In re Covey*, 470 F.Supp. 1048 (D.Vt.1979), cited by the debtor. In that case, it was successfully argued that a bank's security interest was never perfected for the reason that no application concerning the newly created lien on a vehicle was ever delivered to the Commissioner of the Department of Motor Vehicles. In the instant case, however, the Bank testified that it did deliver to the Commissioner an application concerning its lien on the Honda and perfection of the Bank's security interest in the vehicle would have been accomplished but for the debtor's failure to register the vehicle.

## WRECKER

■ Having granted the Bank a security interest in the Ford, the debtor may not be heard to complain that the Bank has no security interest therein. As to subsequently attaching creditors, the failure of the Bank to perfect its lien may render that lien subordinate to the interests of such creditors, but as between a debtor and his creditor a security interest, once granted, continues without the necessity of perfection. Thus it has been said that a contract creating a security interest remains valid as between the debtor and the creditor on the day of the filing of the petition for relief, notwithstanding any failure to perfect the security interest. *See, In re Carter*, 1 CBC 2d. 381, 382 (Bkrtcy.D.Colo., 1980).

Again, the case *In re Covey*, 470 F.Supp. 1048 (D.Vt., 1979) is not apposite. The *Covey* court determined that the unperfected security interest of a creditor of the debtor was not valid as against a third party. In the instant case, the debtor not a third party, seeks to avoid the creditor's security interest; this *is something* the debtor may not do.

■ There is no merit in the debtor's contention that the chapter 7 debtor may avoid liens under Code section 544. Like the chapter 13 debtor, the chapter 7 debtor is not empowered by section 544 to avoid liens. *See, In re Carter*, 1 CBC 2d at 382. The legislative history of the Code does not authorize debtor access to the lien avoidance powers specifically granted to the trustee in chapter 5 of the Code. Therefore, the chapter 7 debtor has no "strong-arm" power under the Code.

■ As to whether the lien on the wrecker may be avoided under the tool of the trade exemption, the court notes that the exemption provisions of the Code should be liberally construed as they are remedial in nature. *In re Eagan*, 16 B.R. 439, 441 (Bkrtcy.N.D.N.Y., 1982). The fact that there is an automobile exemption separate from the tool of the trade exemption does not automatically preclude a motor vehicle from being a tool of the trade. *Matter of Meyers*, 2 B.R. 603 (Bkrtcy.E.D. Mich., 1980). A motor vehicle may be a tool of the trade if it is necessary to and is used by the debtor to carry on his trade. *In re Langley*, 21 B.R. 772, 773 (Bkrtcy.D. Maine, 1983). However, the exemption of any property as a tool of the trade must be based on the debtor's trade at the time of filing the petition in bankruptcy. *In re Johnson*, 19 B.R. 371 (D.Kan., 1982). At the time the debtor filed his petition under chapter 7, he was a mechanic. While a wrecker might be a tool of the trade to a service station owner or operator, or to a tow driver—questions the court does not now decide—the debtor repeatedly testified at the hearing that his trade is, and on the date of petition was, that of the automotive mechanic. The court concludes that the Ford, although perhaps a valuable business property as to this debtor, was not a tool of the debtor's trade as of the date of the petition for relief. Thus, the plaintiff's non-purchase money, nonpossessory lien on the Ford may not be avoided under Code

**42**

section 522(f)(2)(B) for the reason that the Ford is not a tool of the debtor's trade.

## MOTION TO REOPEN EVIDENCE

As to the debtor's motion to reopen the evidence for the receipt of additional testimony, the offer would be that the debtor repairs cars as an independent contractor, on his own time, after hours, at a service station; that the monies the debtor receives as an independent contractor constitute a major portion of his weekly income; and that the Ford is indispensable to his ability to contract the after hours work because most of the cars on which the debtor works after hours need to be towed to the service station for repairs and the debtor has access to no tow vehicle other than the Ford.

At the hearing on the motion, the debtor's attorney represented to the court that the facts to be introduced, if the evidence is reopened, existed at the time of hearing, but that, at the time of hearing, the debtor's attorney was unaware of such facts for the reason that the debtor was a taciturn individual who had not revealed these facts to his attorney.

Rule 59 of the Federal Rules of Civil Procedure is applicable in bankruptcy proceedings pursuant to Bankruptcy Rule 9023. Rule 59(a) authorizes the court, on a motion, to "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Rule 59(a) contemplates motions to reopen the evidence before judgment has been entered, as well as motions for new hearings after judgment has been entered. The debtor's motion to reopen the evidence, therefore, is within the purview of the Rule, which empowers the court to reopen the evidence "for any of the reasons for which rehearings have heretofore been granted." Rule 59(a).

The court has broad discretion in granting or denying a motion under Rule 59. *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926 (2d Cir.1941), *cert.*

*den.*, 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530; *Securities and Exchange Commission v. S.J. Salomon & Co.*, 375 F.Supp. 867 (S.D.N.Y., 1974) (motion addressed to sound discretion of bankruptcy court). A motion for a rehearing or to reopen the evidence should be granted only when unusual circumstances prevail and should not be granted on grounds of a purely repetitious nature or predicated on factual or legal grounds that could and should have been presented at the original hearing. *Seymour v. Potts & Callahan Contracting Co.*, 2 F.R.D. 38 (D.D., 1941). Although the trial court may properly look with more favor upon a motion to reopen made after submission but before decision, than when the motion comes after a decision has been rendered, *Caracci v. Brother International Sewing Machine Corp.*, 221 F.Supp. 769 (La.1963) *aff'd.*, 341 F.2d 377 (5th Cir.1964), a rehearing in equity will not be granted merely to relitigate old matter, *United States v. 5.77 Acres of Land*, 3 F.R.D. 298 (N.Y.1943), or to introduce evidence which by the exercise of reasonable diligence could have become part of the evidence at the original hearing, *Washington v. United States*, 214 F.2d 33 (9th Cir.1954), *cert. den.*, 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679. The application for the receipt of new testimony should be denied where it appears that the degree of activity or diligence which lead to the discovery of the evidence, after the hearing, would have produced it had it been exercised prior thereto. *United States v. Bransen*, 142 F.2d 232 (9th Cir.1944).

The court observes that prior to the day of the hearing the debtor was cognizant of the matter he now seeks to introduce, and that this matter formed part of the very ground on which he sought to secure exemption of the Ford from the debtor's estate. Whether through a lack of diligence by the debtor's attorney, or through the recalcitrance of the debtor to disclose relevant facts to his attorney—a matter which the court does not address—the simple fact is that no extrinsic force or circumstance stood in the way of present-

ing at the hearing the matter now sought to be introduced, and therefore, the matter could and should have been presented at the hearing. Further, newly discovered evidence as a ground for a new hearing refers only to evidence of facts in existence at the time of the hearing of which the agrieved party was excusably ignorant. *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926 (2d Cir.1941), *cert. den.*, 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530. In the instant matter the debtor was not unaware of the facts he now seeks to introduce.

Alleged newly discovered evidence which would not materially change the result and which is in large part not newly discovered evidence at all is not ground for a new hearing. *United States v. Bransen*, 142 F.2d 232 (9th Cir.1944). The court does not see how the facts sought to be established on the instant motion, if established in evidence, materially change the result in this case. That proceeds from towing and repairing disabled cars may pass to the debtor in partnership or as an independent contractor is irrelevant to the determination of the exempt status of the Ford. The debtor's primary source of income is compensation for services as an automobile mechanic, whether as an employee, a partner or an independent contractor. The business use of the wrecker may well provide opportunity to the automotive mechanic to enhance his earnings derived as a mechanic, and to capture incidental tow fees. But incidental towage does not give the mechanic the trade of tow driver; and while the ability to provide road service may well benefit the instant debtor, the loss of that ability would deprive the debtor only of his profits interest in his particular business situation, not of his ability to pursue his trade. Manifestly, the tool of the trade exception is not designed to safeguard a debtor's profits interest in a partnership, but to provide the debtor with the ability to pursue his trade. That the debtor's income includes compensation as wages, as partnership distributions, and as independently contracted remuneration is not material to the deter-

mination of the debtor's trade. The trade is what counts, not the character of income, not the business classification of an asset, not the type of property in which the debtor may hold an interest. On the facts of this case, the wrecker is not a tool of the debtor's trade, even were the debtor to derive the larger portion of his income as an independently contracting mechanic. Thus, the facts sought to be introduced under the instant motion, if established, would not be material to the non-exempt status of the Ford.

## ORDER

In accordance with the foregoing,

IT IS ORDERED that,

1. the plaintiff's complaint for relief from stay be, and hereby is, GRANTED;

2. the defendant's motion to avoid plaintiff's lien be, and hereby is, DENIED; and

3. the defendant's motion to reopen the evidence be, and hereby is, DENIED.