**In re Kenneth J. WALDVOGEL and Debra Waldvogel d/b/a Ken Waldvogel Transport, Debtor.**

**Bankruptcy No. 90–04386–JES.**

United States Bankruptcy Court,
E.D. Wisconsin.

Feb. 15, 1991.

**14**

George B. Goyke, Wausau, Wis., for debtor in possession.

Mark J. Brunner, Milwaukee, Wis., for Snap–On Tools Corp.

Roger L. Deffner, Wausau, Wis., for ITT Financial Services Inc.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

In this chapter 11 case, Kenneth J. Waldvogel and Debra Waldvogel d/b/a Ken Waldvogel Transport ("debtor in possession") object to the secured claims of Snap–On Tools Corporation ("Snap–On Tools") and ITT Financial Services Inc. ("ITT").[1] Snap–On Tools and ITT both acknowledge that their security interests are unperfected.

The sole question is whether a chapter 11 debtor in possession can avoid these security interests by use of the "strong arm clause" in 11 U.S.C. § 544(a)(1)[2] of the Bankruptcy Code.

Under 11 U.S.C. § 1107(a)[3], a debtor in possession has the identical rights and powers of a chapter 7 trustee. This includes the rights of a hypothetical judicial lien creditor under § 544(a)(1). Consequently, a debtor in possession may invoke those remedies available under state law and avoid any unperfected security interest. This is a well settled principle of law. *See* Ginsberg, *Bankruptcy: Text, Statutes, Rules* § 9.01 (2d Ed.1990); 5 *Collier on Bankruptcy* § 1107.02(3) (15th Ed.1990); 2 Norton *Bankr.L. & Prac.* (Callaghan) § 49.17 (1990). *See also Zilkha Energy Company v. Leighton,* 920 F.2d 1520 (10th Cir.1990); *In re General Coffee Corp.,* 32 B.R. 23 (Bankr.S.D.Fla.1983); *In re Wiggs,* 87 B.R. 57 (Bankr.S.D.Ill.1988); *Matter of Skyland,* 28 B.R. 354 (Bankr.W.D.Mich.1983); *In re Iowa–Missouri Realty Co., Inc.,* 86 B.R. 617 (Bankr.W.D.Mo.1988); *In re Wedtech Corp.,* 88 B.R. 619 (Bankr.S.D.N.Y. 1988).

In Wisconsin, pursuant to Wis.Stats. § 409.301(1)(b)[4] an unperfected security interest in personal property is subordinate to the interests of a person who becomes a

1. This matter has been raised by the debtor in possession's objections to proofs of claim filed by Snap–On and ITT. The proof of claim of Snap–On Tools was filed as a secured claim in the amount of $4,320.88. The proof of claim of ITT was filed as a secured claim in the amount of $2,335.55. Procedurally, this matter should have been brought as an adversary proceeding under Bankruptcy Rule 7001(2); however, the parties have agreed to allow it to proceed as presented.

2. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers.
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on

all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

3. § 1107. Rights, powers, and duties of debtor in possession.
(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

4. 409.301 Persons who take priority over unperfected security interests; rights of "lien creditor". (1) Except as otherwise provided in sub. (2), an unperfected security interest is subordinate to the rights of:

(b) A person who becomes a lien creditor before the security interest is perfected.

lien creditor prior to perfection. *Matter of Smith,* 16 B.R. 111 (Bankr.E.D.Wis.1981).

It is fundamental to recognize that what is involved here is a chapter 11 debtor in possession, in contrast to a chapter 7 debtor. These are two separate and distinct entities. A debtor in possession is a fiduciary holding the estate's assets and operating its business for the benefit of the creditors and under the supervision of the court. Sulmayer, Rush, Lynn, Rochell & Mottern, *Collier Handbook for Trustees and Debtors in Possession* § 20.05(1) (1989). *In re Join–In Intern. (U.S.A.) Ltd.,* 56 B.R. 555, 561 (Bankr.S.D.N.Y. 1986); *In re Iowa–Missouri Realty Co., Inc.,* 86 B.R. 617, 620 (Bankr.W.D.Mo. 1988). The chapter 7 debtor, on the other hand, while under a duty to cooperate with the chapter 7 trustee, acts primarily for his own benefit. In a chapter 7 case, there is always a trustee who, like a chapter 11 debtor in possession and unlike a chapter 7 debtor, serves for the benefit of the creditors. A chapter 7 debtor may not utilize the strong arm clause under § 544(a) with respect to any voluntary lien entered into with a secured creditor.

This court fully recognizes that the failure to perfect a voluntary lien may render such lien subordinate to the rights of third parties. However, as between the debtor and creditor, such lien, whether perfected or not, is valid. *In re Sindic,* 44 B.R. 167 (Bankr.E.D.Wis.1984); *In re Rule,* 38 B.R. 37 (Bankr.D.Vt.1983); *Matter of Smith,* 16 B.R. 111 (Bankr.E.D.Wis.1981). While a debtor in possession is such a third party, a chapter 7 debtor is not.

Snap–On Tools and ITT request that, if this court concludes the claims of Snap–On Tools and ITT are no longer secured, the collateral which they held under their unperfected security interests be sold at public auction with the sale proceeds being distributed to the unsecured creditors on a pro rata basis. This court is unaware of any authority which supports that contention. The purpose of chapter 11 is to enable a debtor in possession to reorganize and continue in business. A sale of the same assets which the debtor in posses-

sion needs to operate in its business would contravene that objective. Congress has clearly described the chapter 11 goal as follows:

> The purpose of a reorganization case, unlike a liquidation case, is to restructure a business's finances so that it may continue to operate and provide its employees with jobs, pay its creditors and produce a return to its stockholders. The premise of a business reorganization is that assets that are used for production in the industry for which they are designed are more valuable than those assets sold for scrap.... It is more economically sufficient to reorganize than to liquidate because it preserves jobs and assets.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 220–21 (1977). U.S.Code Cong. & Admin. News 1978 pp. 5787, 5963, 6174, 6180. A chapter 11 petition is a cry for help, not for liquidation under chapter 7. *Matter of Ladner,* 50 B.R. 85, 95 (Bankr.S.D.Miss. 1985).

Finally, Snap–On Tools contends that "equity" prohibits the result sought by the debtor in possession. For reasons herein stated, that argument is flawed and would frustrate the Bankruptcy Code policy of recognizing only perfected interests in property. *In re Wiggs,* 87 B.R. 57 (Bankr. S.D.Ill.1988). Furthermore, in *Matter of Lapiana,* 909 F.2d 221, 224 (7th Cir.1990), Judge Posner criticized this argument by stating:

> We deprecate flaccid invocations of "equity" in bankruptcy proceedings.... Bankruptcy judges are not empowered to dissolve rights in the name of equity.

The objections by the debtor in possession are SUSTAINED. The unperfected security interests of Snap–On Tools and ITT are avoided pursuant to 11 U.S.C. § 541(a) and their claims are relegated to the status of general unsecured claims.