Elizabeth E. Brown, Bankruptcy Judge
THIS MATTER comes before the Court on the Application to Employ Weinman & Associates, P.C. ("Weinman"), filed by the Debtor Diane Wolfson. The sole objector is her former spouse, Dan Witkowski. This case started out as a chapter 7 case. The Debtor hired Weinman to prepare and file her chapter 7 petition and schedules. On May 23, 2018, the Debtor converted her case to chapter 11. She now seeks to employ Weinman as debtor-in-possession counsel. As required by 11 U.S.C. § 327, Weinman filed an application and affidavit, asserting that he does not represent or hold any adverse interest to the Debtor or the estate and that he is "disinterested" as that term is defined by the Code. There is no indication that the Debtor owes Weinman any pre- or postpetition debt. Thus, Weinman is not a creditor of the estate.
Witkowski and the Debtor were involved in acrimonious divorce proceedings prior to the petition date. Prior to conversion, the chapter 7 trustee filed an adversary proceeding against Witkowski seeking to avoid several interests he asserts in estate property. Following conversion, the Debtor substituted as plaintiff in that proceeding. Witkowski has filed a motion to reconvert this case to chapter 7, arguing that the Debtor converted in bad faith to avoid a settlement he was negotiated with the chapter 7 trustee to resolve the adversary proceeding.
In his Objection to the Application, Witkowski argues that Weinman should not be permitted to represent the Debtor because, prior to conversion, it represented the Debtor's interests in negotiations with the chapter 7 trustee. In so doing, Witkowski contends that the Debtor's interests were adverse to the estate, thereby disqualifying Weinman under 11 U.S.C. § 327(a).
That subsection provides that:
[T]he trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist *793 the trustee in carrying out the trustee's duties under this title[.]
11 U.S.C. § 327(a). Thus, there are two factors the applicant must satisfy under § 327(a) : (1) the professional cannot hold or represent an interest adverse to the estate; and (2) the professional must be disinterested. See In re 7677 E. Berry Ave. Assoc. , 419 B.R. 833, 840 (Bankr. D. Colo. 2009). Witkowski appears to concede that Weinman meets the requirement of disinterestedness. It is undisputed that Weinman satisfies the first two parts of the "disinterested person" test. It is defined to mean one who:
(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.
11 U.S.C. § 101(14).
The third requirement of this test implicates the "personal interests" of the professional, meaning that the professional must actually "have" such an interest to be considered "interested." In re 7677 E. Berry Ave. Assoc. , 419 B.R. at 843 (noting the distinction between "having" and "representing" an adverse interest). In this case, Weinman is not a creditor, equity holder, or insider of the Debtor, nor was it an insider in the two years before the petition date. Nor is there any evidence or argument that Weinman itself holds an interest adverse to the estate or creditors. Thus, the Court concludes that Weinman is "disinterested" for purposes of § 327(a).
That leaves consideration of § 327(a)'s first requirement-whether Weinman represents an interest adverse to the estate. To "represent an adverse interest" under § 327(a) means "to serve as an agent or attorney for an individual holding such an adverse interest." In re Roberts , 46 B.R. 815, 827 (Bankr. D. Utah 1985), aff'd in part and rev'd in part on other grounds , 75 B.R. 402 (D. Utah 1987) (en banc). The phrase "hold an interest adverse to the estate" has been defined to mean
(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.
Id. at 826-827. In applying this definition, courts have focused on the fact that § 327(a) is written in the present tense. Thus, courts must consider whether the party at issue presently "holds" or "represents" interests adverse to the estate. In re 7677 E. Berry Ave. Assoc. , 419 B.R. at 842 (emphasis original).
Here, Witkowski bases his Objection on the fact that the Debtor previously held interests adverse to the estate in certain matters, and that Weinman represented her in those matters. Those matters are the pre-conversion negotiations with the chapter 7 trustee and in her decision to convert the case. In addition, at a non-evidentiary hearing on the Application, the United States Trustee pointed out that Weinman previously represented the Debtor in a dispute with the chapter 7 trustee regarding her homestead exemption. However, the chapter 7 trustee later withdrew his exemption objection, thereby resolving that dispute.
*794 Assuming without deciding that the Debtor's interests in these matters were adverse to the estate during the chapter 7 case, each matter occurred before Weinman filed this Application. Thus, it cannot be said that Weinman represents a party who presently holds an adverse interest to the estate. The allegedly adverse interests arose in matters that occurred prior to conversion. This is important because a debtor plays a different role in a chapter 7 than in a chapter 11 case.
No matter what chapter of the Code the petition is filed under, every debtor holds interests adverse to the interests of the creditors because the debtor owes debts to those creditors. In a chapter 7 case, a chapter 7 trustee is appointed to protect the interests of creditors and the estate, and to balance those interests against those of the debtor. See Hon. Steven Rhodes, The Fiduciary and Institutional Obligations of a Chapter 7 Bankruptcy Trustee , 880 Am. Bankr. L.J. 147, 148 (2006) (analyzing the conflicting duties of a chapter 7 trustee). "The chapter 7 debtor ... while under a duty to cooperate with the chapter 7 trustee, acts primarily for his own benefit." In re Waldvogel , 125 B.R. 13, 15 (Bankr. E.D. Wis. 1991). The Code does not require a chapter 7 debtor to obtain court approval prior to hiring an attorney, as that attorney will not represent the estate and will not be paid from estate assets.
In a chapter 11 case, the Code imposes on the debtor-in-possession many of the duties and responsibilities of a trustee, including fiduciary duties to creditors and the estate. See 11 U.S.C. § 1107(a). A debtor-in-possession's duties, however, do not completely erase the underlying conflict of interest the debtor has with the creditors. The debts still exist and therefore the debtor-in-possession still holds interests adverse to creditors even after filing a chapter 11 petition. The Code merely attempts to counterbalance these adverse interests by imposing various duties and obligations. See John T. Roache, The Fiduciary Obligations of a Debtor In Possession , 1993 U. Ill. L. Rev. 133, 163 (1993) (noting a debtor-in-possession's inherent conflict of interest).
As noted above, § 327(a) prohibits a debtor-in-possession from employing a professional who also represents an entity that holds interests adverse to the estate. 11 U.S.C. § 327(a). Since a debtor-in-possession always holds interests adverse to the estate, a hyper-technical reading of § 327(a) would prevent the debtor-in-possession from ever hiring an attorney. This was clearly not the intent of the statute. One could also read § 327(a) as prohibiting a debtor-in-possession from hiring an attorney who previously represented him or her in prepetition creditor matters. However, the Code specifically provides that this is not the case: "Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).
It is interesting that this statute does not reference the "filing of the petition," but instead speaks in terms of the "commencement of the case." What case? The chapter 11 case. Thus, a fair reading of § 1107(b) would include representation that occurred postpetition but pre-conversion. In an involuntary chapter 7 filing, the debtor's counsel could then be employed as debtor-in-possession counsel on conversion to chapter 11, even if it had resisted the involuntary filing.
Moreover, now that she has converted to chapter 11, the Debtor's duties and obligations to creditors have changed and *795 Weinman's representation will need to account for those added duties. Weinman has the knowledge and skills to do so. The fact that Weinman advised the Debtor differently both prepetition and pre-conversion does not, in this Court's opinion, create a conflict or disqualifying bias under § 327(a). The Debtor's duties to creditors were distinctly different during those time periods. Section 1107(b) instructs that such prior representation, standing alone, should not disqualify a professional from representing the debtor-in-possession. To hold otherwise would require every debtor who converts from chapter 7 to chapter 11 to obtain brand new counsel upon conversion. Witkowski does not cite to, nor could the Court locate, any authority that would support such an interpretation. Accordingly, the Court hereby
ORDERS that Wikowski's Objection is OVERRULED and the Application is APPROVED, nunc pro tunc to that date of filing of the Application.