PER CURIAM.
 

 Petitioners, the Riebers, appeal the order of the United States District Court for the Southern District of Iowa
 
 [1]
 
 granting respondent Griswold State Bank (the Bank) a perfected security interest in the Riebers’ farm equipment and products. We agree with the reasoning of the district court and affirm its order.
 

 The Riebers are Iowa farmers who have had an ongoing debtor-creditor relationship with the Bank for a number of years. The Bank has claims totaling $720,802.33 secured by the Riebers’ farm equipment and products. On April 11, 1974, the Bank filed, in Pottawattamie County, a financing statement on the collateral. On April 11, 1979, this statement lapsed and the Bank lost its perfected status on the collateral. On April 16, 1979, the Bank filed with the Secretary of State of Iowa a new financing statement covering the property listed in the April 11, 1974 filing.
 
 [2]
 
 This statement was not effective, however, because it was not signed by the debtor.
 
 [3]
 
 On July 16, 1980, the Bank filed an amendment to the 1979 statement covering additional collateral. On August 13, 1982, the Riebers filed a voluntary petition for bankruptcy under Chapter 11.
 

 The district court found that the 1980 filing, though intended to be an amendment to the 1979 document, contained all the information required to be in a financing statement and thus was sufficient to provide notice of the Bank’s security interest and to perfect that interest in the collateral. On appeal, the Riebers argue that the 1980 filing was clearly denominated an “amendment” and should have been construed as one. The Riebers point out that because the 1975 financing statement lapsed on April 11, 1979, the Bank was required to file a new, initial financing statement to reperfect its interest in the collateral. Because the attempted filing on April 16 was ineffective, no valid, initial filing existed for the 1980 amendment to
 
 *12
 
 amend. The Riebers also argue that under § 544(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-151326 (1978), the Trustees, in this case the Riebers, are not imputed the actual knowledge of the “debtor” regarding the status of the secured party’s interest. Thus, although the Riebers may have had notice that the Bank had a security interest in the collateral, that notice may not be used against the Riebers as Trustees to validate an otherwise invalid financing statement.
 

 We agree with the district court that the amendment, which contained all the requisites of a filing statement, was sufficient to perfect the Bank's interest. We are persuaded by § 554.9402(8) which states that a “financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.” Additionally, as the district court pointed out, comments to the Uniform Commercial Code indicate that the above section adopts a system of “notice filing.”
 
 See
 
 Uniform Commercial Code § 9-402 comment (2). Thus, the validity of a financing statement depends primarily on its ability to give notice of the secured interest to other creditors.
 

 The District Court for the Eastern District of Virginia recently addressed the question of whether an amendment to an invalid financing statement could act as an initial statement and perfect an interest in the underlying collateral. That court analyzed the issue in the same manner as the district court in the instant case did and held: “Appellant’s 1976 filing gives adequate notice of its interest in the debtor’s inventory. Its designation as an amendment is not seriously misleading in this context. Even more importantly, however, when considered by itself the filing also meets all the technical statutory requirements of a filing statement.”
 
 In re G.G. Moss Co., Inc.,
 
 33 U.C.C. Rep.Serv. 777, 779 (1981) (aff’d, 676 F.2d 692 (4th Cir.1982).
 

 We acknowledge that the Bankruptcy Code requires the Trustee to be treated as innocent of any personal knowledge held by the debtors themselves. However, the amendment in the instant case provided enough information regarding the security interest of the Bank in the collateral to put
 
 anyone
 
 on notice that the Bank had such a security interest. Thus knowledge of the security interest by the debtor personally is not necessarily involved.
 
 Cf. McCannon v. Marston,
 
 679 F.2d 13, 16-17 (3rd Cir.1982).
 

 We agree with the district court that the result in the instant case should not be interpreted as a repudiation of the strict filing requirements of the Uniform Commercial Code. We hold only that in the situation before us where a document was filed, with the correct authorities, that satisfied all the requirements of a valid financing statement and thus gave notice to any creditor of the secured party’s interest, the secured party has a perfected security interest in the collateral covered by the filing.
 
 [4]
 

 The order of the district court is affirmed. Costs are awarded to appellee.
 

 [1]
 

 . The Honorable Donald E. O’Brien presiding.
 

 [2]
 

 . Between the time of the filing of the original financing statement and the filing of the 1979 statement, Iowa revised its Uniform Commercial Code to require centralized filing on most collateral.
 
 See
 
 Iowa Code Annotated, § 554.-9401(l)(c).
 

 [3]
 

 . § 554.9402(1) requires that the signature of the debtor be on the financing statement.
 

 [4]
 

 . The 1980 filing covered, inter alia, "[a]ll of the Debtor's equipment, farm products ..., fixtures, accounts, documents, and general intangibles."