**In re R & J CONSTRUCTION COMPANY, INC., Debtor.**

**FIRST NATIONAL BANK OF POPLAR BLUFF, Plaintiff,**

**v.**

**R & J CONSTRUCTION COMPANY, INC., Defendant.**

**Bankruptcy No. 83–00319(SE).**
**Adv. No. 84–0018(SE).**

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

Sept. 5, 1984.

Daniel T. Moore, Poplar Bluff, Mo., for Bank.

Jim S. Green, Sikeston, Mo., trustee.

Paul Berens, Cape Girardeau, Mo., for debtor.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff seeks an order reforming a certain deed of trust dated June 25, 1980, in its favor encumbering a tract of real estate belonging to the Debtor. The portion of the deed of trust which it wishes to reform is the legal description which Plaintiff concedes to be erroneous.

The Trustee on the other hand, prays to the Court to avoid the lien of this deed of trust because it is subordinate to his power under 11 U.S.C. 544(a)(3) to avoid interests avoidable by a *bona fide* purchaser of real property as of the commencement of the bankruptcy case.

These are the facts stipulated to by the parties:

1. On January 2, 1979, the Debtor acquired the following described real property in Butler County, Missouri:

All of that part of the North Half of Lot 2 of the Northwest Quarter of Section 19, Township 24 North, Range 6 East, lying West of New U.S. Highway # 67, including right of-way of old Highway # 67 and that part of the above described tract between old Highway and new Highway # 67 described as follows: Begin at the Northwest corner of the Northwest Quarter of Section 19, Township 24 North, Range 6 East, thence; South along and with the West line of said Section 19, a distance of 660 feet to the point of beginning; thence, South along and with the West line of said Section 19 a distance of 496.96 feet; thence East parallel to the North line of said Section 19 to the west right-of-way line of said new Highway # 67; thence, North along and with said right-of-way of said new Highway # 67 to a point on the west right-of-way line of said new Highway # 67, 711.60 feet East of the point of beginning; thence, West along a line running parallel with the North line of said Section 19 a distance of 711.60 feet to the point of beginning, all located in Butler County, Missouri.

All parties concede that this is an accurate description of the property in question.

2. On June 25, 1980, in order to secure a promissory note of the date given by the Debtor to Plaintiff, Debtor executed a Deed of Trust. All parties agree that the intent of the representatives of Plaintiff and Defendant was, in fact, to have the Deed of Trust encumber the property in question as described above. However, as a result of a scrivener's error, the description of property actually contained reads as follows:

All of that part of the North Half of Lot 2 of the Northwest Quarter of Section 19, Township 24 North, Range 6 East, lying West of New U.S. Highway # 67, including the right of way of old highway 67 and that part of above described tract between old highway and new highway 67, described as follows: begin at the Northwest corner of the Northwest Quarter of the Northwest Quarter of Section 19, Township 24 North, Range 6 East, thence South along and with the West line of said Section 19 a distance of 496.96 feet; thence East parallel to the North line of said Section 19 to the west right of way line of new highway # 67; thence, North along and with said right of way of said new highway # 67 to a point on the west right of way line of said new highway # 67, 711.60 feet East of the point of beginning; thence West along a line running parallel with the North line of said Section 19 a distance of 711.60 feet to the point of beginning, all located in Butler County, Mo.

Note that the author of the Deed of Trust should have commenced the point of beginning some 660 feet due South of the Northwest corner of the northwest quarter of the northwest quarter of Section 19, Township 24 North, Range 6 East rather than at this northwest corner. All parties agree that Debtor has never had any interest in the tract of land actually described by this Deed of Trust.

3. On October 6, 1983, Debtor filed in this Court a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

4. On November 18, 1983, Plaintiff filed a notice of lis pendens in the office of the Recorder of Deeds for Butler County, Missouri and on November 21, 1983, filed a suit in the Circuit Court of Butler County, Missouri, to reform the above described trust.

5. On December 14, 1983, this Court entered its order converting Debtor's Chapter 11 proceeding to a proceeding under Chapter 7 of the Bankruptcy Code.

6. From February 16, 1982, through November 3, 1983, nine separate federal tax liens securing amounts in excess of $179,000, and two state court judgment liens totaling more than $12,000 attached to the property.

## CONCLUSIONS

The parties assert that there are two issues to be answered by this Court:

(1) Whether Plaintiff may reform its deed of trust to show the correct legal description intended by the parties, and

(2) Whether this deed of trust, reformed to show the correct legal description is superior or inferior to the Trustee's interest in this real property.

However, after reviewing the stipulated facts of this case and the law, the Court concludes that there is only one issue to be determined:

Whether Plaintiff's deed of trust is avoidable by the Trustee under 11 U.S.C. 544(a)(3).

Under Missouri law, a defective instrument conveying an interest in real estate cannot be reformed where such reformation would prejudice the rights of a *bona fide* purchaser for value of that property, *American Bank v. Bray et. al.*, 321 Mo. 576, 11 S.W.2d 1016 (1928). Under 11 U.S.C. 544(a)(3), the Trustee assumed this very status as of "the time of the commencement of the case" herein. Thus, the actual intent of the Plaintiff and Debtor regarding the property to be covered by this deed is immaterial.

Plaintiff here contends that since this case was filed on October 6, 1983, as Chapter 11 proceeding and then, on December 14, 1983 converted to a Chapter 7 proceeding, the actual commencement of the instant case occurred on December 14, 1983. Hence, as Plaintiff further contends the notice of lis pendens filed on November 18, 1983, imparted constructive notice of Plaintiff's interest in the property. In making this argument, Plaintiff overlooks section 348(a) of the Bankruptcy Code. That section states:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title, constitutes an order for relief under the chapter to which the case is convered, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the *date of the filing of the petition, the commencement of the case,* or the order for relief. (emphasis added)

Therefore, the Trustee herein has the status of a *bona fide* purchaser of the property as of October 6, 1983, and any notice which Plaintiff's notice of lis pendens filed on November 18, 1983, imparted must be disregarded.

The issue then becomes one of whether Plaintiff's deed of trust imparts constructive notice of Plaintiff's interest in the property, not withstanding the error in the legal description. This, of course, is a matter of state law.

Quoting from the Missouri Supreme Court's Opinion in *Federal Land Bank of St. Louis v. McColgan,* 332 Mo. 860, 59 S.W.2d 1052 (1933), at page 1055.

"It has been ruled by this Court that if the description in a deed is void for uncertainty its record does not impart notice ... In these cases only the parties to the conveyance and those having actual knowledge were bound.

But we have also held that where there is a false call, demonstration, or description in a deed and the false description can be rejected and the remainder of the description, being sufficiently certain, will be sufficient to pass the land ... There is a clear line of distinction between the cases in which an essential element is absent and those in which a false element is found in the description but may be omitted and leave a sufficient, correct, and certain description recorded instrument containing a mistake which may be corrected by elimination should put prudent persons upon inquiry and should be notice under the statute."

After applying these principles of state law to the case at hand, the Court concludes that the defect in the legal description of Plaintiff's cannot be "cured" by elimination and the recordation of this instrument did not and does not impart constructive notice. The description in Plaintiff's deed of trust simply starts in the wrong spot and then traces out a tract using the metes-and-bounds description of the actual property. There is no reference to any natural or permanent object which abuts *only* the actual property in question. Thus, a prudent person could not infer the tract in question was the intended subject of this deed of trust. Eliminating the false starting point would leave a tract that might be located anywhere within this quarter-quarter section in question and lying west of U.S. Highway 67.

Plaintiff makes a final plea that it, with its defective deed of trust, is in a better bargaining position vis-a-vis the Internal Revenue Code with its tax liens and the judgment creditors having liens on the property and, thus, this Court should exercise its equitable power to allow it to retain its secured position. Whether or not his argument would, if true, be grounds for altering the result in this case, Plaintiff's argument overlooks section 551 of the Bankruptcy Code. That section automatically preserves for the benefit of the bankruptcy estate any lien or other transfer of property awarded under section 544, as well as under other avoidance sections of the Bankruptcy Code. Thus, the Trustee will stand in the same position as would Plaintiff with respect to the questions of the priority of this deed of trust to the federal tax liens and judgment liens in question.

A separate order consistent with this opinion will be entered this date.