In re H.B. CUNNINGHAM and Mary Nell Cunningham, Debtors.

CHASE MANHATTAN BANK, N.A., Plaintiff,

v.

T. Larry EDMONDSON, Trustee, Citizens Bank, H.B. Cunningham and Mary Nell Cunningham, Defendants.

Bankruptcy No. 383–02385.
Adv. No. 384–0405.

United States Bankruptcy Court, M.D. Tennessee.

April 8, 1985.

---

F. Dulin Kelly, Hendersonville, Tenn., for debtors.

M. Edward Owens, Jr., Nashville, Tenn., for Chase Manhattan Bank, N.A.

Paul E. Jennings, Randal S. Mashburn, Nashville, Tenn., for Citizens Bank.

T. Larry Edmondson, Nashville, Tenn., Trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The determinative question presented is whether the trustee in bankruptcy can require performance of a mortgage debt assumption agreement where partial failure of consideration would prevent the debtor from enforcing the agreement. Though there are many other issues lurking in this proceeding, the court answers the stated question against the trustee and reserves all other matters.

The following constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### I.

In April of 1971, H.B. and Mary Nell Cunningham ("debtors") were deeded approximately 28 acres of real property in Trousdale County, Tennessee (the "Brooks tract"). About two years later the debtors acquired an adjoining tract of approximately 1.37 acres (the "Marshall tract"). The

Marshall tract became the site of the debtors' home.

In March of 1974, the debtors borrowed $85,000 from First Federal Savings & Loan Association of Lebanon ("First Federal"). To secure this loan the debtors executed a first deed of trust in favor of First Federal on the Brooks and Marshall tracts. This deed of trust was recorded on March 7, 1974.

In August of 1975, the debtors purchased a third tract of 20 acres adjoining the Brooks and Marshall tracts ("the Martin tract").

In January of 1978, the debtors borrowed $175,000 from Citizens Bank giving a deed of trust as security. It is stipulated that the parties intended this deed of trust to include all three parcels of land (giving Citizens Bank a first mortgage on the Martin tract and a second mortgage on the Marshall and Brooks tracts). However, through an error in the property description, the Marshall tract was inadvertently omitted from this deed of trust.

When the debtors became delinquent on the Citizens Bank loan in August of 1982, they executed a deed in lieu of foreclosure to Citizens Bank. The intent of both parties was again to convey all three tracts of real property. However, due to reliance on the earlier description, the Marshall tract was again inadvertently omitted from the legal description. The warranty deed executed by the debtors recites that part of the consideration for the transfer was the assumption by Citizens Bank of "an indebtedness to First Federal Savings and Loan of Lebanon in the amount of $72,899.07." This was the remaining balance of the debt secured by the March 7, 1974 first deed of trust on the Brooks and Marshall tracts.

In addition to the deed in lieu of foreclosure a separate document entitled "Assumption Agreement" was executed by Citizens Bank, the debtors and First Federal. This Assumption Agreement recites that Citizens Bank "agree(s) to pay the said indebtedness" owed by the debtors to First Federal while the debtors agree "to sell the real estate securing the said loan" to Citizens Bank. However, because of the error in the description, legal title to the Marshall tract, which served as part of the security for the First Federal loan, was never transferred to Citizens Bank and the debtors remained record title holders. Believing that it was titleholder to all three tracts, Citizens Bank made payments to First Federal under the Assumption Agreement totaling $18,480.42.

On May 3, 1983, the United States District Court for the Middle District of Tennessee entered a judgment in the amount of $18,776.52 in favor of Chase Manhattan Bank ("Chase") against the debtors. The judgment was recorded in the Register's Office for Trousdale County, Tennessee on May 19, 1983.

The debtors filed this Chapter 7 petition on September 8, 1983. The three tracts of real property were not listed as assets or claimed as exemptions on the debtors' schedules since they believed all three tracts had been transferred to Citizens Bank. On October 17, 1983, the trustee filed a No Asset Report and notice of abandonment of property listed in the schedules. However, in June of 1984, the trustee became aware for the first time that the debtors still held legal title to the Marshall tract. The trustee's motion to reopen was granted and on September 25, 1984 the trustee filed a Notice of Assets.

On October 16, 1984 Chase filed this "complaint to determine the validity, extent and priority of liens," claiming that its interest in the Marshall tract created by recording its judgment is superior to the interests of the trustee, the debtors or Citizens Bank. The trustee contends that the Marshall tract is property of the estate, that Citizens Bank is obligated to pay the first mortgage it assumed and as a result there is "equity" in the property for the general creditors. Citizens Bank claims that the Assumption Agreement obligating it to pay the mortgage to First Federal should be declared unenforceable. If the Assumption Agreement is found invalid, Citizens Bank argues that the debtors have

no equity in the property and the trustee should be ordered to abandon it (again).

## II.

■ Tennessee[1] follows the general rule: when parties to a contract have made a mutual mistake such that their written contract fails to accurately express their intentions, the courts will rescind the contract, abate the purchase price, or reform the writing to express their intended agreement. *See Bigham v. Madison,* 103 Tenn. 358, 52 S.W. 1074 (1899); *Delforge v. McMurtry,* 481 S.W.2d 396 (Tenn.Ct.App.) *cert. denied,* (1972); *Mills v. Brown,* 568 S.W.2d 100 (Tenn.1978); WILLISTON ON CONTRACTS § 1550, p. 160 (3rd ed.) ("where a deed conveys a smaller estate or gives a smaller right than was intended, or inadequately describes an estate or right, the grantee is allowed a reformation of the instrument so that it shall express the real intention").

■ However, this rule does not apply where third parties have acquired an interest in real property omitted from a deed without notice of the original grantee's adverse claim. *See Stoneham Five Cents Savings Bank v. Johnson,* 295 Mass. 390, 3 N.E.2d 730, 732 (1936) ("in case of mutual mistake, relief is afforded against those who claim under the grantor except against those who by reason of being bona fide holders for value without notice have an equity superior to the grantee"). Such a third party is the trustee in bankruptcy who under 11 U.S.C. § 544(a) has the rights of a bona fide purchaser for value without notice. Here, the trustee's rights have intervened and reformation of the deed between the debtors and Citizens Bank cannot be granted.[2] Judge Bare reached the same conclusion in *Mountain Empire Bank v. Lancaster (In re Hunt),* 18 B.R. 504 (Bankr.E.D.Tenn.1982).

Acknowledging that title to the Marshall tract remains in the debtor and became property of the bankruptcy estate does not mean that Citizens Bank is without remedy. The bank argues that the Assumption Agreement is unenforceable due to a material failure of consideration: since it did not receive title to the Marshall tract, the obligation to pay the First Federal mortgage is not enforceable.

■ On these facts, the promisee (the debtors) has failed to perform its promise to Citizen's Bank—the conveyance of the real estate (Brooks *and* Marshall tracts) securing the loan to First Federal. Because the debtors failed to deliver the consideration for the assumption, they could not enforce that agreement under Tennessee law.[3] *Farrell v. Third National Bank*

**1.** Tennessee law applies on the facts of this case to determine the relative rights of the parties to the Assumption Agreement. *See Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

**2.** The Restatement (Second) of Contracts § 155 deals with this problem:

Where a writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents or effect of the writing, the court may at the request of a party reform the writing to express the agreement except to the extent that rights of third parties such as good faith purchasers will be unfairly affected.

Comment f to that section states that judgment creditors and trustees in bankruptcy are *not* included in the class of third parties protected against reformation because their interests do not arise from consensual transactions. This seems curious in light of the statutory rights of the trustee as a bona fide purchaser of real property of the debtor as of the date of the petition. 11 U.S.C. § 544(a); H.R. NO. 95–515, 95th Cong., 1st Sess. 370 (1977). The Restatement authors cite no cases to support their position regarding the status of bankruptcy trustees.

**3.** The trustee and the plaintiffs rely on *Sanders v. Lackey,* 59 Tenn.App. 207, 439 S.W.2d 610 (1968), *cert. denied,* (1969). There, as in the present proceeding, several tracts of land were encumbered by the same deed of trust. Some but not all of the tracts were conveyed to grantee who agreed to assume the mortgage indebtedness.

There was no dispute that the parties intended an assumption of the entire indebtedness while only transferring part of the property. The dispute arose when the grantor/mortgagor paid off the debt to the mortgagee. The court held that the grantee was the principal obligor and the grantor could look to him for reimbursement. Thus, if the debtors and Citizens Bank

*in Nashville,* 20 Tenn.App. 540, 101 S.W.2d 158 (1936) *cert. denied,* (1937); *City of Shelbyville v. State ex rel. Bedford County,* 220 Tenn. 197, 415 S.W.2d 139 (1967); *Brown v. Porter,* 26 Tenn. (7 Humph.) 373 (1846). *See also Continental Illinois National Bank & Trust Co. v. Ehrhart,* 127 F.2d 341 (6th Cir.1942); *Royal Typewriter Co. v. Xerographic Suppliers Corp.,* 719 F.2d 1092, 1107 (11th Cir.1983) ("failure of consideration is the neglect, refusal, or failure of one of the parties to perform or furnish the agreed on consideration"). The trustee, who at best acquired the debtor's position in this untidy transaction, has no right to force Citizens Bank to continue payments pursuant to an unenforceable assumption agreement.[4]

Cases have held that when a grantee of property assumes a mortgage, but is later evicted by paramount title, the holder of the mortgage cannot enforce the assumption because consideration for the assumption has failed. *Dunning v. Leavitt,* 85 N.Y. 30 (1881); *Fidelity & Columbia Trust Co. v. Nordeman,* 266 Ky. 106, 98 S.W.2d 47 (1936); *Robertson v. Robertson,* 61 So.2d 499 (Fla.1952); *Willcox Clinic Ltd. v. Evans Products Co.,* 666 P.2d 500 (Ariz.App.1983). In 55 AM.JUR.2d § 1078 the authors state the following:

> Liability of a grantee of the mortgaged premises to a mortgagee, by virtue of an agreement, with the mortgagor, assuming the mortgage indebtedness, does not exist where the agreement is void for want of consideration ... The same result has been reached in the case of a failure of consideration. There is a failure of consideration, within the meaning of this rule for the assumption of a mortgage debt by a grantee of the mortgaged property, where the title thereto is never vested in the grantee.

■ Citizens Bank agreed to pay the First Federal mortgage in consideration of a conveyance which was to include the Marshall tract. It did not agree to assume the debt for a mere promise to convey the land. *See Hartman v. Pistorius,* 248 Ill. 568, 94 N.E. 131 (1911). Since the deed between the debtors and Citizens Bank cannot be reformed to give title to the Marshall tract to Citizens Bank, consideration has failed and Citizens Bank cannot be forced to pay the mortgage.[5]

It is noted that consideration did not completely fail since one of the two tracts of land securing the First Federal mortgage (the Brooks tract) was validly conveyed to Citizens Bank. From the record,

---

had intended a transfer of only the Brooks tract, *Sanders* would dictate that Citizens Bank be primarily liable for the entire debt. However, the *Sanders* facts are inapplicable to the present situation where the grantee did not receive the property called for in the contract of assumption.

4. The trustee cites no provision of the Bankruptcy Code which would give him greater rights to enforce the Assumption Agreement than the debtor would otherwise have under Tennessee law. This is not a case where the trustee asserts his special powers under the Code (e.g., §§ 544, 547, 548) to overcome the ordinary operation of state law. Rather, the debtor's rights under the Assumption Agreement have become property of the bankruptcy estate and are here limited by state law.

5. In Tennessee the rights of the original mortgagee (First Federal) against a grantee of the property (Citizens Bank) who assumes the mortgage debt are those of a beneficiary of a contract made for the benefit of a third person. *Fulmer v. Goldfarb,* 171 Tenn. (7 Beeler) 218,

101 S.W.2d 1108 (1937). The *Fulmer* court quoted the following from 21 A.L.R. 488:

> The holder of a mortgage can avail himself of no right, on an assumption of the mortgage, beyond what the mortgagor would have against his grantee, and if the mortgagor cannot enforce against the grantee a contract for the assumption of the mortgage debt, the mortgagee is likewise without remedy against him.

Then the court quoted this rule from the Restatement of Contracts, Vol. 1, § 140:

> There can be no ... creditor beneficiary unless a contract has been formed between a promisor or promisee; and if a contract is conditional, voidable, or unenforceable at the time of its formation, or subsequently ceases to be binding in whole or in part because of ... the present or prospective failure of the promisee to perform a return promise which was the consideration for the promisor's promise, the right of a ... creditor beneficiary under the contract is subject to the same limitation.

*Fulmer,* 101 S.W.2d at 1109.

we cannot precisely ascertain the respective values of the Marshall and Brooks tracts. No party has argued that the value of the Brooks tract alone is sufficient to support the complete or partial assumption of the First Federal mortgage. Moreover, the affidavit of an appraiser hired by Citizens Bank values the Marshall tract including the home at $65,000 and places a combined value of $80,000 on the Brooks and Martin tracts together. Thus the Marshall tract is at least a very material part of the intended consideration for the Assumption Agreement.

 Though the failure of consideration was not total, the partial failure defeats the object and intent of the agreement and is sufficient to defeat the trustee's effort to enforce the Assumption Agreement. *See Farrell v. Third National Bank in Nashville*, 20 Tenn.App. 540, 101 S.W.2d 158 (1936) *cert. denied*, (1937); *Lloyd v. Turner*, 602 S.W.2d 503 (Tenn.Ct.App.) *cert. denied*, (1980). As the Tennessee Court of Appeals explained in *Farrell*, 101 S.W.2d at 163:

> [I]f a partial failure of consideration is such as to affect the whole contract and defeat the object of the contract, then it may be a ground for rescission.

Our determination that the Assumption Agreement cannot be enforced [6] by the trustee simplifies the remainder of the present proceeding. There seems to be no dispute that the remaining balance of the First Federal mortgage exceeds the value to the estate of the Marshall tract. Thus, there is no equity in the tract and the trustee is ordered to abandon this property which is "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

Resolution of the remaining issues among Chase, First Federal, the debtors and Citizens Bank is not necessary to the administration of this bankruptcy case. In-

volved are state law determinations of priority, property ownership and lien enforcement—matters properly within the competence of the state courts. The property involved in the present proceeding is no longer property of the estate and the estate has no stake in the outcome of these other issues. Therefore, we leave the parties to pursue their state law remedies.

An appropriate order will be entered.

---

**6.** Our holding is that the assumption agreement is unenforceable. This addresses issues (2) and (3) of the issues noted at the pretrial conference held December 17, 1984. We need not decide whether the entire agreement may be rescinded. This was not an issue presented by the plead-

ings. First Federal, a party to the assumption agreement, was not named as a party to this lawsuit and it would be inappropriate to address the question of rescission without its participation.