## In re BOARDWALK DEVELOPMENT COMPANY, INC., Debtor.

### H.C. KIRKHART, Plaintiff,

### v.

### BOARDWALK DEVELOPMENT COMPANY, INC., and David Rock Whitten, Defendants.

Bankruptcy No. 86–01108–S07.
Adv. No. S–86–0175–AP.

United States Bankruptcy Court, E.D. North Carolina.

April 14, 1987.

James W. Lea, III, Shipman and Lea, Wilmington, N.C., for H.C. Kirkhart.

Algernon L. Butler, Jr., Wilmington, N.C., for Boardwalk Development Co., Inc.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matters before the court are cross motions for summary judgment in this adversary proceeding brought by the plaintiff, H.C. Kirkhart, seeking reformation of

a deed of trust executed by the debtor-defendant, Boardwalk Development Company, Inc. ("Boardwalk") on behalf of the plaintiff. Boardwalk has filed a counterclaim to the plaintiff's complaint asking that both a loan modification agreement between Boardwalk and Kirkhart and a payment of $10,000 from Boardwalk to Kirkhart be declared voidable preferences. Boardwalk has moved for summary judgment on its counterclaim, as well as on Kirkhart's complaint. On February 19, 1987, a telephonic hearing was held with the consent of the parties.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(C), (F), (K), and (O), which this court may hear and determine.

## FACTS

For purposes of ruling on these summary judgment motions, the court will assume the following facts alleged by the plaintiff to be true:

Boardwalk Development Company, Inc. was created in the summer of 1983 for the purpose of developing and building a motel-ominium known as Cabana de Mar at Carolina Beach, North Carolina. The land upon which Cabana de Mar sits consists of three tracts of land: one containing .294 acres, another containing .178 acres, and a third tract containing .491 acres. The .491 acre tract of land represents the bulk of

the space of Cabana de Mar upon which the building sits.

On April 12, 1985, the plaintiff agreed to lend Boardwalk $150,000 to be secured by a deed of trust covering all three tracts of land. A deed of trust was executed on April 12, 1985, and subsequently recorded that same day in New Hanover County, but it inexplicably omitted the .491 acre tract of land. This mistake was not discovered until after Boardwalk filed a petition for relief under chapter 11 of the Bankruptcy Code on May 7, 1986. Between the time that the plaintiff's deed of trust was recorded and the debtor's bankruptcy petition was filed, a number of other parties obtained liens on the three tracts of land. Many, but not all of these parties were principals in the debtor corporation.

On September 2, 1986, the plaintiff filed a complaint against the debtor in this court seeking reformation of the deed of trust to include the .491 acre tract of land.[1] On September 29, 1986, Boardwalk filed a counterclaim asking that a loan modification agreement entered into on April 30, 1986, between Boardwalk and Kirkhart and a subsequent payment of $10,000 by Boardwalk to Kirkhart be declared voidable preferences. Kirkhart has filed an answer denying most of the allegations contained in the counterclaim. The attorney who has been representing Boardwalk in this adversary proceeding signed and submitted an affidavit in support of Boardwalk's motion seeking a summary judgment on its counterclaim.

On April 3, 1987, this court entered an order granting the debtor's motion to convert the case to one under chapter 7 of the Bankruptcy Code and appointing Trawick H. Stubbs, Jr. as trustee.[2]

---

1. The plaintiff's complaint names as a defendant, in addition to Boardwalk, David Rock Whitten, the attorney who prepared the deed of trust. In claims for relief separate from the claim for relief seeking reformation, the plaintiff alleges that Whitten either intentionally or negligently omitted the .491 acre tract of land from the deed of trust, causing damages to the plaintiff in excess of $10,000. The plaintiff does not seek summary judgment on its claims for relief against Whitten. The claims against Whitten are therefore not addressed in this opinion.

2. The chapter 7 trustee is a necessary party to this action. This court will therefore order that the trustee be added as a defendant and succeed to the position of defendant Boardwalk Development Company. Since the court is ruling in the trustee's favor on the plaintiff's summary judgment motion, it is not necessary that the trustee be provided with the opportunity to be heard prior to entry of this order.

## DISCUSSION AND CONCLUSIONS

The court will first address the motions for summary judgment on the plaintiff's reformation action. Under North Carolina law,[3] a deed may be reformed when, due to the mutual mistake of the parties, the mistake of one party induced by fraud of the other, or the mistake of the draftsman, the deed fails to express the actual intent of the parties. *Durham v. Creech,* 32 N.C. App. 55, 231 S.E.2d 163 (1977). The plaintiff in this case has submitted affidavits which assert that the parties to the deed of trust executed on April 12, 1985, intended that the .491 tract of land be included, and the defendant has not challenged this assertion. It would therefore appear that reformation would be appropriate were it not for the North Carolina rule that a deed may not be reformed when the rights of a *bona fide* purchaser (one who purchases for valuable consideration without notice, actual or constructive) have intervened. *Hice v. Hi-Mil, Inc.,* 301 N.C. 647, 653, 273 S.E.2d 268 (1981); *Durham v. Creech,* 32 N.C.App. at 60, 231 S.E.2d at 167. The dispositive issue in this proceeding is whether the chapter 7 trustee can rely on 11 U.S.C. § 544(a)(3) to assert the rights of a *bona fide* purchaser and prevent the reformation.

Section 544(a) of the Bankruptcy Code provides:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Under this section, the trustee may defeat a claim against the debtor's estate if, under applicable state law, a hypothetical *bona fide* purchaser of the property in question would have prevailed over the claim as of the date of the bankruptcy filing. *In re Dlott,* 43 B.R. 789, 792–793 (Bankr.D.Mass.1983). The phrase "without regard to any knowledge of the trustee or of any creditor" appearing in § 544(a) means that any actual knowledge that the trustee might have had of competing interests will not prevent the trustee from asserting the rights of a hypothetical purchaser without such knowledge. *Id.* at 793. Several recent bankruptcy court decisions have denied motions to reform deeds based on the trustee's powers under 11 U.S.C. § 544(a)(3). *In re Cunningham,* 48 B.R. 509 (Bankr.M.D.Tenn.1985); *In re R & J Construction Co.,* 43 B.R. 29 (Bankr. E.D.Mo.1984); *In re Dlott,* 43 B.R. 789 (Bankr.D.Mass.1983). *See also In re Robinson,* 38 B.R. 255 (Bankr.D.Me.1984) (applying § 70(c)(3) of the Bankruptcy Act, the predecessor to 11 U.S.C. § 544(a)).

The plaintiff cites *In re Hartman Paving, Inc.,* 745 F.2d 307 (4th Cir.1984), in which the court refused to allow a chapter 11 debtor-in-possession to use 11 U.S.C. § 544 to invalidate a deed of trust which, under applicable state law, was invalid

---

**3.** North Carolina law is applicable to determine the relative rights of the parties to the deed of trust. *See Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Cunningham,* 48 B.R. 509, 512 n. 1 (Bankr.M.D. Tenn.1985).

against purchasers for value without notice, but valid as to those with notice. The Fourth Circuit in *Hartman Paving* noted that under 11 U.S.C. § 1107(a) a debtor becomes a "debtor-in-possession" upon filing a chapter 11 bankruptcy petition and thereby gains all the rights and powers of a chapter 11 trustee including those under 11 U.S.C. § 544(a). The Fourth Circuit went on to hold, however, that the debtor-in-possession could not invalidate the deed of trust because, as an original party to the deed of trust, Hartman had actual notice of its existence.[4]

 The present proceeding is distinguishable from *Hartman Paving* by virtue of the recent conversion of this case to chapter 7 and the appointment of a chapter 7 trustee.[5] *Hartman Paving* held that a debtor-in-possession with notice could not rely on 11 U.S.C. § 544(a) to avoid a transfer if a purchaser with notice could not do so. In view of the explicit language of 11 U.S.C. § 544(a) conferring upon the trustee the avoidance powers of a hypothetical *bona fide* purchaser without regard to any knowledge of the trustee, *Hartman Paving* should not be read to apply to cases where it is a trustee invoking 11 U.S.C. § 544(a), rather than a debtor-in-possession. Other courts have recognized that the holding of *Hartman Paving* does not apply when a trustee has been appointed. "[T]he *Hartman Paving* analysis creates a distinction in the Bankruptcy Code between a trustee (who will rarely have actual knowledge) and a debtor-in-possession (who will often have actual knowledge). This result is in conflict with section 1107(a), which gives the debtor-in-possession all the rights and duties of a trustee." *In re Sandy Ridge Oil Co.*, 807 F.2d 1332, 1336

(7th Cir.1986). *See also Matter of Spangler*, 56 B.R. 990, 999 n. 12 (D.Md.1986); *In re MSC, Inc.*, 54 B.R. 650, 653–54 (Bankr. D.S.C.1985).

This proceeding is more analogous to *Cunningham, Dlott*, and *R & J Construction Co.* (all of which involved a trustee invoking § 544(a), rather than a debtor-in-possession) than it is to *Hartman Paving*. This court holds that the plaintiff's motion seeking reformation of his deed of trust should be denied in view of the trustee's powers under 11 U.S.C. § 544(a) and applicable state law as set forth in *Hice v. Hi-Mil, Inc.*, 301 N.C. 647, 653, 273 S.E.2d 268 (1981) and *Durham v. Creech*, 32 N.C. App. 55, 60, 231 S.E.2d 163 (1977).

Also before the court is Boardwalk's motion for summary judgment on its counterclaim seeking to have a loan modification agreement of April 12, 1986, and a subsequent payment of $10,000 from the debtor to the plaintiff declared voidable transfers. The only evidentiary support offered by the debtor for its summary judgment motion is an affidavit signed by the attorney who has been representing the debtor in this proceeding. Rule 56(e) of the Federal Rules of Civil Procedure (made applicable here by Bankruptcy Rule 7056) requires supporting affidavits to be made on personal knowledge and show affirmatively that the affiant is competent to testify to the matters stated therein. Because it is unlikely that counsel representing the debtor would be permitted to appear as a witness in the proceeding, this court has doubts as to the propriety of the debtor's attorney giving an affidavit in support of the debtor's summary judgment motion. *See Matter of Dempster*, 59 B.R. 453, 457 n. 4 (Bankr.M.D.Ga.

---

**4.** The *Hartman Paving* decision, which was the subject of a vigorous dissent by Chief Judge Winter, has been criticized by other courts. *In re Sandy Ridge Oil Co.*, 807 F.2d 1332, 1334–36 (7th Cir.1986); *In re Matos*, 50 B.R. 742, 744 (N.D.Ala.1985), *appeal dismissed as moot*, 790 F.2d 864 (11th Cir.1986).

**5.** Although a trustee may be prohibited from exercising his rights under 11 U.S.C. § 544(a) if constructive notice existed which would have alerted a potential *bona fide* purchaser to an error in the deed of trust, *see In re Hagendorfer,*

803 F.2d 647 (11th Cir.1986), no such constructive notice has been alleged in this case. Even though this case was converted, the chapter 7 trustee has the status of a *bona fide* purchaser as of the date the original chapter 11 petition was filed, rather than when the conversion order was entered. *In re R & J Construction Co.*, 43 B.R. 29, 31 (Bankr.E.D.Mo.1984). Therefore, any constructive notice created by the filing of the complaint seeking reformation is irrelevant since it occurred after the filing of the debtor's bankruptcy petition.

1984). Based on the record before it, the court is further of the opinion that there are genuine issues as to material facts with respect to the debtor's counterclaim. The debtor's motion seeking summary judgment on its counterclaim will therefore be denied. This denial will be without prejudice to the right of the newly appointed chapter 7 trustee to resubmit a motion for summary judgment with respect to the counterclaims which have been brought against Mr. Kirkhart. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Trawick H. Stubbs, Jr., the chapter 7 trustee, be added as a defendant to this action and succeed to the position of defendant Boardwalk Development Company, Inc.;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for summary judgment filed by the plaintiff, H.C. Kirkhart, on the first cause of action in his complaint of September 2, 1986, seeking reformation of the deed of trust executed on his behalf by the debtor, Boardwalk Development Company, Inc., is DENIED;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of the defendant, Boardwalk Development Company, Inc., for summary judgment on the first claim for relief contained in the plaintiff's complaint seeking reformation of the deed of trust between the plaintiff and the defendant, Boardwalk Development Company, Inc., is GRANTED, and a judgment to that effect shall be entered; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of the defendant, Boardwalk Development Company, Inc., seeking summary judgment on its counterclaim to have a loan modification agreement and a payment of $10,000 from the debtor to the plaintiff declared voidable preferences is DENIED.