**In re IOWA–MISSOURI REALTY CO., INC., Debtor.**

**In re IOWA–MISSOURI WALNUT CO., INC., Debtor.**

**IOWA–MISSOURI REALTY CO., INC., Plaintiff,**

**v.**

**UNITED STATES of America, SMALL BUSINESS ADMINISTRATION, Defendant.**

Bankruptcy Nos. 86–02438–SJ–11, 86–02437–SJ–11.

Adv. No. 86–0414–1–SJ.

United States Bankruptcy Court, W.D. Missouri.

May 16, 1988.

Irvin C. Ness and Dennis M. Alt, Stinson, Mag & Fizell, Kansas City, Mo., for plaintiff.

F.O. Griffin, Jr., Asst. U.S. Atty., Kansas City, Mo., for defendant.

### MEMORANDUM ORDER AVOIDING LIEN AND DENYING MOTION FOR TERMINATION OF AUTOMATIC STAY

KAREN M. SEE, Bankruptcy Judge.

This opinion decides 1) plaintiff's complaint which seeks to avoid, pursuant to 11 U.S.C. § 544(a)(3), a lien claimed by the Small Business Administration on real property; and 2) SBA's motion to terminate automatic stay. Plaintiff Iowa–Missouri Realty Co. (hereinafter Realty) is the wholly owned subsidiary of Iowa–Missouri Walnut Co. (hereinafter Walnut). Both Realty and Walnut are debtors in possession in Chapter 11 cases (with plans that were confirmed subsequent to trial of this matter). The bankruptcy cases of the two related debtors were consolidated for joint administration. However, they were not substantively consolidated, so the assets and debts of the two companies have at all times remained separate. Walnut and Realty are separate Missouri corporations. They have some common officers and shareholders. However, at all times they have maintained separate businesses, books and accounting records. Plaintiff Realty is in the business of buying and selling real estate. Walnut produces high grade lumber and gun stocks.

Since 1965, Realty (and its predecessor, Iowa–Missouri Sales Co.,) has been the record owner of the real property in St. Joseph, Buchanan County, Missouri which is at issue in this action. Walnut has never owned any interest in the property. In 1984, after flood damage to its business, Walnut applied for an SBA disaster loan. In processing Walnut's application, SBA collected substantial data, including information about the corporate history and structure of Walnut and its subsidiary, Realty, tax returns of the entities, and a warranty deed and title opinion showing Realty owned the property at the time of the loan application and at all times dating back to 1965. SBA then approved a $116,000 loan to Walnut. It is undisputed that SBA knew that Realty owned the property.

On February 15, 1985, Walnut executed a $116,000.00 promissory note. To secure the note, Walnut also executed a deed of trust in favor of SBA on the St. Joseph tract. The deed of trust prepared by SBA was defective on its face because Realty owned the property. On February 19, 1985, SBA recorded the defective deed of trust with the Buchanan County Recorder of Deeds. The Recorder's Office recorded the deed in the grantee-grantor index pursuant to the requirements of § 59.440 RSMo., and also in a separate, unofficial tract index kept by the Recorder's Office.

The issues presented are 1) whether recording a deed of trust from Walnut, which did not own the property, gave SBA a lien on the property; 2) whether, if SBA does have a lien, plaintiff Realty, a debtor in possession, can avoid SBA's lien pursuant to § 544(a)(3); 3) whether the defective deed of trust, executed pre-petition, can be reformed post-petition due to alleged mutual mistake of the parties; and 4) whether the separate corporate entities can be disregarded in order to "cure" SBA's defective deed of trust.

### *Whether SBA Has A Lien*

■ This case is easily disposed of because Walnut had no ownership interest in the property and therefore, no title or other interest to convey. Recording a deed of trust granted by a stranger to the title created no ownership interest or lien whatsoever for SBA. Walnut did not have any interest in the property and as a matter of

law, could not convey any interest to SBA. Because SBA could not acquire any interest from Walnut, it could not obtain a valid lien against the property under Missouri law. *See Phillips v. Dukes (In re Dukes)*, 24 B.R. 404, 409 (Bankr.E.D.Mich.1982). SBA contends that it has a perfected lien because it has a recorded deed of trust. The contention is without merit because SBA did not receive its recorded "interest" in the property from a party who held an interest in the property which it could grant. The mere fact that the deed of trust was recorded does not give the erroneous grantor, Walnut, a valid ownership interest which would place the deed of trust in the chain of title to the property. *See Drzewiecki v. Stock–Daniel Hardware Co.*, 293 S.W. 441, 444–45 (Mo.App.1927). Accordingly, the Court finds SBA has no lien on the property.

### *Whether SBA's Alleged Lien Can Be Avoided*

■ The Court has determined that SBA has no lien to avoid. However, even if SBA had a lien it would be avoidable under § 544(a)(3). Accordingly, the following alternative findings are made in regard to issues raised by the parties as to lien avoidance under the "bona fide purchaser" provision of § 544(a)(3), which states:

(a) The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee* or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\*   \*   \*   \*   \*   \*

(3) A bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists. (emphasis added.)

Under this section, a trustee may avoid a lien against property of the estate if under state law a hypothetical bona fide purchaser of the property would have prevailed over the lien as of the date of bankruptcy. *In re Boardwalk Dev. Co., Inc.*, 72 B.R. 152, 154 (Bankr.E.D.N.C.1987), citing *In re Dlott*, 43 B.R. 789, 792–93 (Bankr.D.Mass. 1983). Thus, if plaintiff Realty, as debtor in possession, can stand in the shoes of a bona fide purchaser, Realty may avoid SBA's lien under § 544(a)(3).

The components of § 544(a)(3) will be reviewed in the order set forth in the statute. First, the section states that a trustee may exercise the avoiding power. In this case there is no trustee, but rather, Realty, a debtor in possession. 11 U.S.C. § 1107(a) grants a debtor in possession *all* the rights and powers of a trustee and directs the debtor in possession to perform *all* the functions and duties of a trustee. This section places a debtor in possession in the shoes of a trustee in every way. See S.Rep. No. 95–989, 95th Cong.2d. Sess. 116–17 (1978) U.S.Code Cong. & Admin. News 5787, 5902, 5903; *McEwan v. Westphal*, 809 F.2d 1356, 1362 n. 17 (8th Cir. 1987); *In re Herr*, 79 B.R. 793, 797 (Bankr. N.D.Ind.1987). Accordingly, the avoidance power granted to a trustee in § 544 clearly extends to a debtor in possession under § 1107(a).

The Fourth Circuit in *In re Hartman Paving, Inc.*, 745 F.2d 307 (4th Cir.1984), held a debtor in possession was not entitled to use § 544 to avoid a deed of trust which under state law was invalid against purchasers having notice of a prior interest. That court held the debtor in possession could not invalidate the deed of trust because as an original party to the transaction, debtor had actual notice of its existence. However, several courts have found the Fourth Circuit holding conflicts with the clear language of § 544(a). See *In re Sandy Ridge Oil Co.*, 807 F.2d 1332, 1336 (7th Cir.1986); *In re Boardwalk Dev. Co. Inc.*, 72 B.R. 152, 155 (Bankr.E.D.N.C. 1987); *In re M.S.C., Inc.*, 54 B.R. 650, 653–54 (Bankr.D.S.C.1985).

The Court concludes the debtor in possession is entitled, under § 1107(a), to stand in the shoes of a trustee and pursue lien avoidance actions under § 544. To rule otherwise would contravene the policy

of Chapter 11 to retain debtors in possession to operate the business and administer the estate for the benefit of creditors. It is common for a debtor in possession to have knowledge of defects in pre-petition transfers which may be subject to attack as preferences, fraudulent transfers or avoidable liens. Liens are avoided for the benefit of all creditors of the estate. It would be inequitable to creditors in Chapter 11 cases with debtors in possession rather than trustees if debtors in possession could not collect assets of the estate through avoidance actions if the debtor had any pre-petition knowledge that would prevent him from being an actual bona fide purchaser. If Congress had intended to prohibit debtors in possession from exercising certain powers of a trustee, it is logical to assume that § 1107(a) would have specified those restrictions rather than, on its face, granting debtors in possession all the rights and powers and directing the debtor to perform all the functions and duties of a trustee.

The second consideration in § 544(a) is the provision that the trustee may exercise avoidance powers "without regard to any knowledge of the trustee or of any creditor." That phrase means that any actual knowledge the trustee might have had of competing interests will not prevent the trustee from asserting the rights of a hypothetical purchaser without such knowledge. *Griswold State Bank v. Rieber*, 740 F.2d 10 (8th Cir.1984); *In re Boardwalk Dev. Co.*, 72 B.R. at 154. Thus, the trustee or debtor in possession is accorded the status of a hypothetical bona fide purchaser and does not have to qualify as an actual bona fide purchaser by proving it had no knowledge or notice of the defect.

A trustee will rarely have actual knowledge of a prior transaction involving title to the debtor's property, but a debtor in possession will often have actual knowledge or at least notice of prior transactions. *In re Matos*, 50 B.R. 742 (Bankr.D.C.Ala.1985), held that the pre-petition debtor's actual knowledge of a mortgage which was filed without the requisite endorsement of the preparer was not imputed to it as a debtor in possession so as to deny him the status

of a bona fide purchaser for the purpose of § 544(a)(3). In the present case, Realty may have had notice of the defective deed of trust executed by its parent company, Walnut. However, § 544(a) provides for exercise of avoidance powers despite actual knowledge of the trustee or debtor in possession. Therefore, the Court concludes that Realty should not be precluded from asserting its strong arm powers under § 544(a)(3) for the benefit of the estate and its creditors.

■ The third consideration, since Realty stands in the shoes of a bona fide purchaser, is whether a bona fide purchaser on the date bankruptcy was filed could have prevailed over or voided SBA's alleged lien on the property. Under Missouri law, a bona fide purchaser is one who has no notice of outstanding rights of others. Notice may be imparted to a prospective purchaser by actual or constructive notice of facts which would place a reasonably prudent person on inquiry as to the title he is about to purchase. *Johnson v. Stull*, 303 S.W.2d 110, 118 (Mo.1957).

In Missouri a purchaser is charged with constructive notice of everything in prior recorded deeds, which go to make up the chain of title under which he holds. *Black v. Banks*, 327 Mo. 341, 37 S.W.2d 594, 598 (1931). Chain of title is defined as "[s]uccessive conveyances or other forms of alienation affecting a particular parcel of land, arranged consecutively from the government or original source of title down to the present holder." Blacks Law Dictionary, 208 (5th ed. 1979). While a purchaser is bound with constructive notice of all recorded instruments lying within his chain of title, a deed or instrument lying outside his chain of title imparts no notice to him. *Jackson v. Klein*, 320 S.W.2d 553, 556 (Mo. 1959); *Gross v. Watts*, 206 Mo. 373, 104 S.W. 30, 32 (1907); *Knutson v. Christeson*, 684 S.W.2d 549, 551 (Mo.App.1984). Further a purchaser of realty owes no duty to search the records or elsewhere to ascertain whether equitable rights exist against the grantor. *Odle v. Odle*, 73 Mo. 289 (1880).

On February 19, 1985, SBA recorded the deed of trust granted by Walnut. The Recorder of Deeds filed the deed in the grantee-grantor index, pursuant to § 59.440 RSMo. and also in the tract index kept by the Recorder's office. In the present case, a subsequent purchaser checking the official grantor-grantee index for conveyances affecting title to Realty's property would not find the Walnut deed of trust. In the Buchanan County records of title, the deed of trust appears only under the name of Walnut as grantor. No change in title appears under Realty, the actual record owner. The deed of trust executed by Walnut in favor of SBA is outside the chain of title and therefore, imparts no notice. Accordingly, a bona fide purchaser would prevail over SBA's claim on the date of bankruptcy.

SBA urges the Court to broaden the concept of constructive notice for a bona fide purchaser to include not only chain of title notice from records within the official grantor-grantee index, but also recordings within a county's unofficial tract index. Defendant cites Colorado case law for the proposition that keeping a tract index is an appropriate method of discharging the county clerk's duties, and therefore, the records should suffice as notice once they have been recorded in the tract index. See *Treat v. McDonough*, 148 Colo. 603, 367 P.2d 587, 590 (1961). However, Missouri's statute, § 59.440 RSMo, directs county recorders to record deeds under an alphabetical listing of the names of grantors and grantees. Missouri is a chain of title state and accordingly, a filing outside the chain of title appearing in a tract index does not impart constructive notice to the hypothetical bona fide purchaser. 8A Thompson on Real Property § 4340 (1963).

The debtor in possession as the hypothetical bona fide purchaser is not charged with notice or actual knowledge the pre-petition debtor may have had as to SBA's interest. Nothing surrounding the recording of SBA's ineffective deed of trust would reasonably lead a subsequent purchaser to make further inquiry of other interests. The Court finds that Realty, debtor in possession, has the status of a bona fide purchaser and therefore, pursuant to § 544(a)(3), can avoid SBA's alleged lien on the real property.

### Whether The Deed Of Trust Can Be Reformed Post–Petition

■ Alternatively, SBA requests the Court to reform the deed of trust executed between Walnut and SBA to show Realty as the correct grantor of the property. SBA asserts that the intention between the parties was that the deed show "Iowa–Missouri Realty Company, Inc." as the grantor. Realty disagrees as to this assertion that a mutual mistake exists and further states that SBA was aware of the separate corporate existence of Walnut and Realty. It is not necessary to determine whether in fact the deed of trust reflects the intentions of the parties because reformation is not an available remedy to SBA.

In Missouri, a court of equity will not reform an instrument against a bona fide purchaser. *American Bank v. Bray*, 321 Mo. 576, 11 S.W.2d 1016, 1019 (1928); *Lacy v. Schmitz*, 639 S.W.2d 96, 98–99 (Mo.App. 1982). Under § 544(a)(3) the trustee, or in this case, the debtor in possession, assumes the status of a hypothetical bona fide purchaser as of the commencement of the case. The Court has already determined that no basis exists to deny Realty the status of a bona fide purchaser. A defective instrument cannot be reformed if it would prejudice the rights of a bona fide purchaser. *In re R & J Constr. Co., Inc.*, 43 B.R. 29, 31 (Bankr.E.D.Mo.1984). Accordingly, the actual intent of the parties regarding the property to be covered by the deed is immaterial. To allow reformation in these circumstances would defeat the purpose of § 544(a)(3) to give the trustee bona fide purchaser status in order to avoid liens for the benefit of all creditors. Furthermore, to allow post-petition reformation here would, in effect, be allowing post-petition perfection of a security interest so it would relate back to the date of the original deed of trust. Section 546(b) describes the situations in which a lien may be perfected post-petition in order to relate back to a pre-bankruptcy date. Reforma-

tion of a defective security agreement or deed of trust is not one of the described situations.

### Whether Separate Corporate Identities Can Be Disregarded

■ Finally SBA argues that Realty cannot avoid SBA's lien because Realty and its parent corporation Walnut are so closely intertwined that the facts of this case justify looking beyond the separate corporate entities so as to find that a transfer by Walnut was a transfer by Realty as well. The general rule of independent corporate identity can be disregarded by courts when justified by the facts. *Cent. Republic Bank & Trust Co. v. Caldwell*, 58 F.2d 721, 735 (8th Cir.1932).

One factor to consider is where one corporation is so controlled and its affairs so conducted as to transform it into the alter ego of another corporation; the question arises whether to retain or disregard the corporate fiction. In such a case, the test is whether the arrangement between the two corporations is being used for a proper and legal purpose. *Cent. Cooling & Supply Co. v. Director of Revenue*, 648 S.W.2d 546, 548 (Mo.1982), citing *May Dept. Stores Co. v. Union Elec. Light & Power Co.*, 341 Mo. 299, 107 S.W.2d 41, 55 (1937). Another factor is insufficiency of funding by a parent corporation of its subsidiary or the draining off of one corporation's assets by another. *Phelps v. Missouri–Kan.–Tex. R.R. Co.*, 438 S.W.2d 181, 186 (Mo.1968). There was no evidence that these situations existed. Realty's business is buying and selling real estate and Walnut's is producing gun stocks and lumber. They maintained separate books, records and business operations. SBA presented no evidence to contradict the apparent legitimate purposes of these businesses or to indicate insufficiency of funding or diversion of assets.

The final factor is whether the creditor was unaware of the separateness of the entities and, therefore, was an involuntary creditor rather than a voluntary creditor. *May Dept. Stores Co.* SBA was fully aware of the separate corporate identities and businesses of Realty and Walnut. SBA, due to its investigation for the loan application, knew of the separate corporate structures and operations of the two companies and of Realty's ownership of the real property, as evidenced by the warranty deed and title opinion in SBA's possession. SBA's in-house counsel discussed the status of the separate corporate existence prior to the closing of Walnut's loan. Despite the information SBA incorrectly drafted the deed of trust naming Walnut as grantor.

A decision to disregard separate corporate identities is appropriate only in rare circumstances. No compelling reason has been presented here to disregard the separate identities of Realty and Walnut and, in effect, substantively consolidate the two estates so that SBA may enforce its claimed interest in Realty's property. It is an unfortunate mistake that the wrong corporate name was inserted by SBA in the deed of trust. However, the Court cannot favor this creditor and undo the transaction because SBA did not adequately protect its interests. The avoidance powers are granted in § 544 to enable the trustee or debtor in possession to avoid such interests in order to increase the assets of the estate for all creditors. Accordingly, for the foregoing reasons, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. Judgment is hereby entered in favor of plaintiff and against defendant on plaintiff's Complaint.

2. The deed of trust executed by Iowa–Missouri Walnut Company in favor of the Small Business Administration and recorded in Buchanan County, Missouri is void and of no effect.

2. The Small Business Administration has no ownership interest or lien on the real property described herein which is owned by plaintiff Iowa–Missouri Realty Company, Inc.

3. Any interest in or lien on the real property which the Small Business Administration claims is hereby avoided pursuant to 11 U.S.C. § 544(a)(3), and the lien is

preserved for the benefit of the estate of Iowa–Missouri Realty Company, Inc. pursuant to 11 U.S.C. § 551.

4. The Small Business Administration's motion for relief from stay is denied.